# Mattingly v. Commonwealth.

(Decided October 20, 1931.)

LOGAN E. PATTERSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Abram Mattingly was convicted of the crime of murder and condemned to serve a life sentence in the penitentiary. He has prosecuted an appeal, insisting that the trial court erred in admitting the testimony of an immature witness, that the verdict of the jury was flagrantly against the evidence, and that he was prejudiced by a fatal shooting affair that occurred during and near the scene of the trial.

The facts necessary to an understanding of the contentions may be briefly recited: James Vaughn had attended a social gathering and was returning home with a young lady. Mattingly was following closely, and approached Vaughn, asking for a match. Vaughn gave him a match which he failed to ignite, and the request was repeated. Another match was given him by Vaughn, which also failed to ignite. A third request of Mattingly for a match was complied with by Vaughn, and, as he did so, asked in substance, "How many matches does it take to light your cigarette, Buddy?" Mattingly took offense at the question, and addressed a profane and insulting remark to Vaughn. A fight ensued, in which Mattingly stabbed Vaughn so severely that he died within a few hours. There was testimony tending to show, and the evidence as a whole warranted the conclusion, that Mattingly purposely provoked the difficulty with the intention of killing Vaughn. There was evidence, however, that the killing occurred in sudden heat and passion, and Mattingly claimed that he acted entirely in self-defense. The jury was properly instructed on all features of the case, and every hypothesis suggested by the evidence was covered.

Willis Gibson, a boy of eleven years of age, was permitted to testify against appellant over his objection, and he now insists that the boy was so immature and so ignorant of the nature of an oath that he was wholly incompetent as a witness. A preliminary examination of the witness was conducted by the trial court in which the boy stated he knew the meaning of the truth, and how to tell it, although he did not know that he could be put in jail for perjury. He stated that he would tell the truth, as near as he could. His testimony upon the trial, as reported in the transcript of the evidence, is coherent and clear and entirely consistent with testimony given by other witnesses. Indeed, the testimony of the boy was less damaging to the appellant than was that given by some of the other witnesses. The rule respecting the subject is that a child offered as a witness having sufficient natural intelligence, and having been so instructed as to comprehend the nature of the act of telling the truth, and the consequences of willful falsehood, must be admitted to testify. The question becomes then one of credibility and not one of competency. Bright v. Com., 120 Ky. 298, 86 S. W. 527, 27 Ky. Law Rep. 677, 117 Am. St. Rep. 590; Meade v. Com., 214 Ky. 88, 282 S. W. 781; Leahman v. Broughton, 196 Ky. 146,

244 S. W. 403; Merchant v. Com., 140 Ky. 12, 130 S. W. 793; Orvin v. Com., 239 Ky. 767. The trial court, in this case, did not err in admitting the testimony of the Gibson boy. The jury had a right to hear his testimony and to give it such weight as it merited.

The argument that the verdict of the jury was palpably against the evidence proceeds mainly upon the contention that the severity of the sentence was not justified by any evidence in the case. It is insisted that the evidence conclusively established that Vaughn first struck Mattingly, which constituted such provocation as to reduce the degree of the offense. But that fact must be considered in the light of the other facts, and, even though Vaughn did strike Mattingly first, Mattingly had previously made threats, and had deliberately provoked Vaughn to strike him. It was for the jury to determine whether one who provokes his adversary and brings on a difficulty, with the intention of killing him, may be excused on the grounds of self-defense, or the punishment mitigated because of sudden heat and passion. Shell v. Com., 194 Ky. 767; Martin v. Com., 93 Ky. 189, 19 S. W. 580, 14 Ky. Law Rep. 95; Allen v. Com., 86 Ky. 642, 6 S. W. 645, 9 Ky. Law Rep. 784; Hacker v. Com., 158 Ky. 783, 166 S. W. 235; Barth v. Stewart, 229 Ky. 840, 18 S. W. (2d) 275. There was much evidence, notwithstanding the contradictions, to justify the jury in finding the appellant guilty of willful murder under the first instruction.

The power and duty of this court to set aside a verdict of conviction when it is palpably against the evidence is not disputed. Smith v. Com., 224 Ky. 446, 6 S. W. (2d) 464; Miracle v. Com., 228 Ky. 591, 15 S. W. (2d) 429; Partin v. Com., 197 Ky. 840, 248 S. W. 489. But a verdict is not palpably against the evidence when there is proof of facts and circumstances from which inferences may be drawn to justify the finding of the jury. The credibility of the witnesses and the deductions reasonably to be drawn from the conflicting testimony are exclusively within the province of the jury. Perkins v. Com., 227 Ky. 129, 12 S. W. (2d) 297; Brown v. Com., 226 Ky. 255, 10 S. W. (2d) 820.

A comparison of the facts in this case with the facts stated in the opinions cited for the appellant forbids the conclusion that there was any lack of evidence to support the verdict, or that it was against the manifest weight of the entire evidence. The appellant needlessly brought

on the difficulty and fatally stabbed his adversary. The consequences are his, and must be suffered by him.

During the trial of appellant, a fatal shooting affair occurred in the city where the trial was in progress. The jury was in the custody of an officer, and had gone out to dine. A pistol fight took place in the same block where the jury was dining, and the bill of exceptions recites that the jury was "cognizant of the tragedy." There is no other reference to the matter in the bill of exceptions. The motion and grounds for a new trial set up that the jury was prejudiied against the appellant by the occurrence of a murder so near the presence of the jury. No objection was made at the time of the occurrence, and it is impossible to say whether the circumstance in any way influenced the jury. Certainly the court could do nothing in the absence of a request from the defendant, and no complaint was made until after the verdict. It is a rule of practice, suggested by good sense, and sanctioned by experience, that one on trial may not experiment with the jury by ignoring a fact that occurs during a trial, and then obtain a new trial because of that fact, if disappointed at the result reached. Black v. Com., 154 Ky. 148, 156 S. W. 1043; Barnes v. Com., 179 Ky. 725, 201 S. W. 318; Caudill v. Com., 217 Ky. 403, 289 S. W. 371; McIntosh v. Com., 234 Ky. 192, 27 S. W. (2d) 971.

The defendant was unable to employ counsel, and the court appointed two excellent young lawyers to defend him. They acted without compensation, but that fact did not diminish their efforts on behalf of their client. The conduct of the trial in the circuit court and the brief filed in this court, evidence the diligence, devotion, and ability of the attorneys on behalf of the unfortunate man. His rights were fully protected, and he had a fair trial, and the verdict of the jury, fully supported by the evidence, cannot be disturbed in the absence of prejudicial error.

The judgment is affirmed.