## Young v. Commonwealth.

(Decided April 19, 1935.)

M. F. HALL for appellant.

BAILEY P. WOOTTON, Attorney General, RAY L. MURPHY, Assistant Attorney General, and C. F. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Appellant was convicted of the crime of murder. He appeals from a judgment sentencing him to death, complaining (1) that the verdict is contrary to the evidence; (2) that incompetent evidence was admitted; and (3) that another murder occurred in the courthouse during the progress of his trial and so excited the minds of the jurors as to cause them to render an excessive verdict. His only defense to the indictment was a plea of insanity.

It was shown that appellant anticipated that Joe Cawood, the decedent, might prosecute him for stealing and that he set out to goad Cawood into making some move against him in order that he might have an ex-

cuse for killing him. He told one witness that he thought he could beat a murder case quicker than he could a stealing case. Being unsuccessful in his plan to trap Cawood into some hostile move, appellant shot him in cold blood. The evidence amply supports this conclusion.

The alleged incompetent testimony complained of consists in the opinions of four doctors who stated, after having made an examination of him, that they believed appellant to be sane. Two of these doctors were appointed by the court at the instance of appellant and were put on the stand by him. Their qualification was waived by the commonwealth. He now complains that, as it was not shown that any of these witnesses had specialized in the study of the human mind, they were not competent to testify as experts or to answer hypothetical questions. It will be a sufficient answer to this contention to note that none of these witnesses was asked a hypothetical question, and each of them testified simply as to the result of his personal examination of appellant, without objection or exception. The weight to be given this testimony and these opinions was for the jury. Abbott v. Commonwealth, 107 Ky. 624, 55 S. W. 196, 21 Ky. Law Rep. 1372.

In its order overruling appellant's motion for a new trial, the court said:

"It is complained in the motion and grounds for a new trial that while this case was in progress that a woman was shot and killed in the court house. This killing occurred outside of the court room and had no connection with this case or the trial of this case. No motion was made to set aside the swearing of the jury and continue the case at that time or at any time and no complaint was raised about the matter.

"The court does not think that the jury was influenced or affected by what took place outside of the court room and away from the court room and outside of the presence of the jury that tried the case.

"Under these conditions and with the full knowledge and personal acquaintance with what took place the court does not feel he will be justified in interfering with the verdict of the jury. * * *"

This ruling was correct. Mattingly v. Commonwealth, 240 Ky. 625, 42 S. W. (2d) 874.

The penalty inflicted by the jury is severe, but in our opinion warranted. The burden was upon appellant to prove his defense of insanity. While his actions were cowardly, they were not those of one wanting in reason. He had a fair and impartial trial.

Judgment affirmed.

Whole court sitting.