### COCHRAN v. DOWNING.

Court of Appeals of Kentucky.
March 14, 1952.

Louis N. Garlove, David L. Waterman and Fred M. Goldberg, all of Louisville, for appellant.

Davis, Boehl, Viser & Marcus, Joseph E. Stopher and A. J. Deindoerfer, all of Louisville, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment entered upon the jury's verdict denying appellant a recovery for personal injuries resulting from being allegedly struck by appellee's automobile. Appellant urges two principal grounds for reversal of the judgment: (1) Failure of the court to direct a verdict against appellee and (2) that there was no competent evidence introduced that authorized the court to give a contributory negligence instruction.

Parties to the suit were the only witnesses who testified concerning the accident. Their testimony presents different theories as to how it occurred.

Appellant testified that on March 3, 1949, near 6:00 p. m., he started to cross Broadway at the intersection of Third Street, traveling from north to south in the east crosswalk. Upon reaching a point near the center of the street, he stopped to permit several cars to complete left-hand turns to go east on Broadway. While in this position he says his attention was suddenly attracted by the lights of appellee's automobile coming toward him, which was making a short left turn and not following in the line established by the preceding vehicles. Appellant said that he turned partially facing appellee's car and the car was so close to him that he could not get out of its way and its right front fender struck him in the region of his groin and right hip, sending him spinning around the front of the car and against the side of a truck headed west on Broadway; that while still in motion and yet on his feet, he was bounded back near the left front door of appellee's car which had stopped about four feet east of the crosswalk.

On the other hand, appellee testified that immediately before the accident he was operating his car south on Third Street. When he reached the intersection of Broadway he stopped for the traffic light and when traffic in his lane proceeded, he made a left turn into Broadway following the line of vehicles proceeding in that direction; that his car was in first or second gear, traveling at a rate of four or five miles per hour. He stated that he did not see appellant and was unaware of his presence on the street until he heard a "thump" against the left front fender as the front of his car was crossing the crosswalk. He stopped his automobile within a distance of four or five feet and saw appellant standing some three or four feet from the left side of his car. Appellee said that the left front window of his car was down and his headlights were on. He inquired of appellant what had happened and appellant replied, "You almost hit me, but I pushed myself out of the way." Appellee then asked him if he was hurt and appellant answered, "Well, my arm is sore." After parking his car, appellee had another conversation with appellant in which he furnished appellant his name and address and offered to take him to a doctor or to his home, which was declined. Appellee testified that he was keeping a constant lookout ahead while operating his car and stated positively that the front of his vehicle did not strike appellant.

The testimony is conflicting and contradictory, thus presenting an issue of fact that is peculiarly within the province of the jury to decide. Under the evidence adduced the jury could have found that appellee's negligence was the proximate cause of the accident, or it could have decided that appellant had failed to exercise ordinary care and was negligent; or the jury could have believed that appellant had not been struck or injured by appellee's car. The credibility of the witnesses and the

weight to be given to their evidence was for the jury. It is clear to us that under the evidence and circumstances the court correctly submitted the case to the jury under proper instructions. Remmers' Ex'r v. Mayhugh, 303 Ky. 366, 197 S.W.2d 450; Wilder v. Cadle, 227 Ky. 486, 13 S.W.2d 497; Conway v. Louisville & N. R. Co., 135 Ky. 229, 119 S.W. 206, 122 S.W. 136; Trainor's Adm'r v. Keller, 257 Ky. 840, 79 S.W.2d 232; Chesapeake & O. Ry. Co. v. Conley, 136 Ky. 601, 124 S.W. 861.

We are not authorized to disturb the jury's verdict merely because we might have arrived at a different finding on these facts.

Judgment affirmed.