COMMONWEALTH of Kentucky,
Appellant,

v.

Benny PREECE, Appellee.

No. 91–SC–348–DG.

Supreme Court of Kentucky.

Nov. 19, 1992.

Rehearing Denied Feb. 18, 1993.

Chris Gorman, Atty. Gen., Laura Early, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellant.

David Justice, Thomas W. Lavender, Ashland, for appellee.

STEPHENS, Chief Justice.

Appellee, Benny Preece, was convicted in the Boyd Circuit Court of promoting gambling in the first degree pursuant to KRS 528.020(1). His conviction was due to his involvement in the establishment and operation of bingo games for profit at Amvet Post # 87, in Catlettsburg. The jury recommended that appellee receive a sentence of two years of imprisonment. The trial court accepted the recommendation.

The Court of Appeals reversed the trial court and held that appellee's conviction was solely based on improperly admitted evidence. Because the only evidence demonstrating that appellee profited from the bingo games should have been excluded, the Court of Appeals found that the trial court erred in denying a motion for a directed verdict. The case was reversed and remanded to the trial court with directions that the case be dismissed. The Commonwealth sought discretionary review, which we granted.

We reverse the Court of Appeals and reinstate appellee's conviction. While admission of the challenged evidence was in error, dismissal of the case is not required in this instance. Sufficient circumstantial evidence was presented at trial with which the jury could reasonably have convicted the appellee.

Appellee owned a building that he leased to Amvet Post # 87 where bingo games were allegedly operated for profit. Under KRS 528.010(10)(a), "charitable gaming" is defined as "games of chance, including bingo the net earnings of which are devoted exclusively to religious, scientific, literary, educational, or fraternal purposes."

Testimony at trial revealed that appellee was the financial secretary of Amvet Post # 87. Appellee's cousin, Gary Preece was the organization's commander. Appellee was charged and convicted for promoting gambling in the first degree under KRS 528.020(1).

KRS 528.020(1) provides in pertinent part as follows:

A person is guilty of promoting gambling in the first degree when he knowingly advances or profits from unlawful gambling activity

. . . . .

"Profiting from gambling activity" and "advancing gambling activity" are defined in KRS 528.010(1) and (8) as follows:

(1) "Advancing gambling activity"—A person "advances gambling activity" when, acting other than as a player, he engages in conduct that materially aids any form of gambling activity. The conduct shall include, but is not limited to, conduct directed toward the establishment of the particular game, contest, scheme, device, or activity involved; toward the acquisition or maintenance of premises, paraphernalia, equipment, or apparatus therefor; toward the solicitation or inducement of persons to participate therein; toward the actual conduct of the playing phases thereof; toward the arrangement of any of its financial or recording phases or toward any other phase of its operation. A person who gambles at a social game of chance on equal terms with other participants does not otherwise advance gambling activity by performing acts, without remuneration or fee, directed toward the arrangement or facilitation of the game as inviting persons to play, permitting the use of premises therefor and supplying equipment used therein.

(8) "Profiting from gambling activity"— A person "profits from gambling activity" when, other than as a player, he accepts or receives or agrees to accept or receive money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of gambling activity.

To prove appellee's "profit motive" the Commonwealth placed into evidence testimony of an officer of the American Veterans organization, Joseph Doebler. The Commonwealth contends that the Court of Appeals erred when it found this testimony inadmissible. Doebler, a State Adjutant of the Kentucky Chapter of the Amvets, stated at trial that during a visit to appellee's home in April or May of 1989 he saw a seven hundred dollar ($700) check on the kitchen table. The check was drawn on the account of Amvet Post # 87 and was

designated "for construction." Though Doebler could testify about the payor and purpose of the check in question, he could not remember the check's payee, date, or other details. Doebler testified that he observed ongoing construction outside appellee's house. Doebler also testified that he only saw the exterior of the Amvet building during his visit to Catlettsburg, and could not testify as to whether construction was, or was not, occurring inside.

The Court of Appeals reasoned that an Amvet check located on appellee's kitchen table and ongoing construction at appellee's house did not provide enough of a logical connection to make Doebler's testimony about the check relevant. We agree. The Court of Appeals properly ruled that the challenged testimony was irrelevant. There is no logical connection between the existence of the check at appellee's house and whether the appellee profited from bingo games. *See Hall's Ex'r v. Haynes*, Ky., 247 S.W.2d 45 (1952). Doebler's testimony concerns evidence of a collateral fact which fails to afford any reasonable presumption or inference as to the principal facts or matters in dispute. Doebler's testimony was therefore inadmissible. *See Massie v. Salmon*, Ky., 277 S.W.2d 49 (1955).

The Commonwealth next asserts that the Court of Appeals erred in ruling that appellee was prejudiced when the trial court admitted Detective Ray's testimony concerning appellee's statements made before the Grand Jury.

Detective Ray asserted at the trial that the appellee testified before the Grand Jury claiming, "I'm wealthy" and, "I run [the bingo games]." Because Detective Ray was absent from the Grand Jury proceedings, his testimony was based on knowledge of appellee's statements discerned after the detective listened to tapes of the inquiry tribunal.

When the police officer used notes that he had made while listening to the tape of the Grand Jury proceedings in order to refresh his memory, defense counsel objected. The detective's notes had not been furnished to defense counsel before an objection was raised. After the objection was registered, a copy of the officer's notes was given to appellee's counsel. The objection concerning use of the notes was then waived.

The Court of Appeals held that, due to a lack of proper foundation, admitting the detective's testimony constituted prejudicial error.

Because defense counsel did not object, the issue as to whether the challenged testimony was inadmissible hearsay is unpreserved for appellate review, absent a finding that the appellee's substantial rights were affected. *See* RCr 9.22; RCr 9.24; *West v. Commonwealth*, Ky., 780 S.W.2d 600 (1989). Appellee's counsel was furnished a transcript of the Grand Jury proceedings, and a copy of the detective's notes. Following production of a copy of the notes, defense counsel waived further objection by failing to voice anything else pertaining to this testimony.

Appellee suffered no manifest injustice by admission of the detective's testimony. Considering the case as a whole, we do not believe there is a substantial possibility that the result would have been any different. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969). From circumstantial evidence produced at trial, the jury could reasonably have believed that appellee was guilty of the charged crime.

Any question regarding the admission of the detective's testimony was unpreserved for review. The evidence is more than sufficient to sustain the conviction without the challenged testimony. The propriety of Detective Ray's testimony and notes do not rise to the level of reversible error under RCr 10.26.

The Commonwealth's final contention is that the Court of Appeals incorrectly ruled that appellee's motion for a directed verdict should have been granted. The Commonwealth asserts that the appellate court erred when it remanded the case to the trial court with an order to dismiss the charges. We agree.

Evidence presented at trial included the following: 1) almost $1.7 million was received as the result of the bingo games; 2)

charitable donations of thirteen thousand two hundred seventy-seven dollars and ninety-two cents ($13,277.92); 3) capital improvements to appellee's building, initially acquired for eight thousand dollars ($8,000), totalled seventy-one thousand nine hundred and fifty dollars ($71,950); and 4) cash payments were placed in envelopes for workers at the games which totaled over one hundred thirty thousand dollars ($130,000) a year and were not shown on the Post's books.

Viewing the totality of the circumstantial evidence just enumerated, in a light most favorable to the Commonwealth, it is clear that reasonable minds could have fairly found the appellee guilty beyond a reasonable doubt. A directed verdict was properly denied by the trial court. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991); *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983). Furthermore, while challenged testimony of Detective Ray and State Adjutant Doebler was improperly admitted, circumstantial evidence produced at trial was more than sufficient to support the conviction of appellee. Admission of this testimony was harmless.

We reverse the opinion of the Court of Appeals and reinstate the conviction of appellee.

COMBS, LAMBERT, REYNOLDS and SPAIN, JJ., concur.

LEIBSON, J., files a separate opinion concurring in part and dissenting in part in which WINTERSHEIMER, J., joins.

LEIBSON, Justice, concurring in part and dissenting in part.

Respectfully, I dissent.

The Majority Opinion misapplies the test for harmless error, stating:

"[W]hile challenged testimony of Detective Ray and State Adjutant Doebler was improperly admitted, circumstantial evidence produced at trial was more than sufficient to support the conviction of appellee. Admission of this testimony was harmless."

The test of harmless error is not whether other "evidence produced at trial was more

than sufficient to support the conviction of appellee," but whether other evidence of guilt is so substantial that we can say as a matter of law that the evidence improperly admitted could not have prejudiced the outcome of the case.

The principal argument made by the Commonwealth in its Brief, and the reason for accepting discretionary review, was that although the Court of Appeals may have properly reversed the conviction, it improperly directed the trial court to dismiss the action. We have gone beyond that argument to hold not only that the Court of Appeals should be reversed, but to "reinstate the conviction of appellee." The Commonwealth cites *Commonwealth v. Mattingly*, Ky., 722 S.W.2d 288, 289 (1986), to argue that evidence "erroneously admitted does not bar a remand for retrial." We have gone beyond this to hold that evidence erroneously admitted, even though prejudicial, does not bar reinstatement of the verdict of guilt and the judgment of conviction.

The Majority Opinion holds that objection to the testimony of Detective Ray was not preserved, and is not grounds for reversal. I agree.

But the Majority Opinion also held that evidence from Joseph Doebler regarding the $700 check he saw lying on the appellee's kitchen table was *not* connected to "profits from unlawful gambling activity" (KRS 528.020(1)) except by speculation. And this constituted reversible error.

The Court of Appeals ruled that admitting such evidence was prejudicial error. We have held that it was error, but harmless. We err in so holding.

I concur in reversing so much of the Court of Appeal's Opinion as directs the trial court to dismiss the action. But, rather than reinstating the judgment of conviction, I would remand for a new trial.

WINTERSHEIMER, J., joins.