**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Clayton DeHAVEN, Appellee.**

**No. 94–SC–69–DG.**

Supreme Court of Kentucky.

Sept. 26, 1996.

A.B. Chandler, III, Attorney General, Pamela J. Murphy, David A. Sexton, Office of The Attorney General, Frankfort, for appellant.

Margaret Foley Case, Department of Public Advocacy, Frankfort, for appellee.

STEPHENS, Justice.

This appeal is from the Court of Appeals reversal of DeHaven's conviction for first degree manslaughter. The issue is whether the error in jury instructions was prejudicial and therefore requires reversal of the conviction.

The Court of Appeals reversed the conviction based upon its finding that it was an error to instruct the jury on first degree manslaughter as there was no evidence of extreme emotional disturbance [EED]. This error was compounded when the jury convicted DeHaven of first degree manslaughter, which is murder committed under the influence of EED. We agree that this error constitutes reversible error and, therefore, affirm the Court of Appeals decision.

Clayton DeHaven was convicted of first degree manslaughter for the death of his estranged wife, Juanita DeHaven. The couple were in the process of obtaining a divorce and resolving the custody of their son. DeHaven found Juanita's body on Easter Sunday, 1989, when he returned their son to Juanita's apartment. DeHaven maintains that he was not with Juanita on the previous Friday, the day of her death, and that she died of natural causes.

There was evidence presented from which a jury could have believed that DeHaven wanted to kill his wife, that he had threatened to kill her, that he was in fact with her when she was killed and that she had been deliberately and intentionally killed. There was also evidence presented concerning Juanita's medical history and the possibility that she died from natural causes related to her health problems. The jury was instructed on both murder and first degree manslaughter.

DeHaven was convicted of first degree manslaughter.

In the Court of Appeals, the Commonwealth maintained that the manslaughter instruction was proper. However, in light of our recent decisions in *Cecil v. Commonwealth*, Ky., 888 S.W.2d 669 (1994), and *Morgan v. Commonwealth*, Ky., 878 S.W.2d 18 (1994), the Commonwealth conceded that it was error to instruct on first degree manslaughter. Both *Morgan* and *Cecil* reaffirm the requirement of "some definite, nonspeculative evidence", *Morgan, supra,* at 20, of "the event which triggers the explosion of violence on the part of the defendant." *Cecil, supra,* at 673 (citing *Foster v. Commonwealth*, Ky., 827 S.W.2d 670 (1992)). There was no such evidence offered; therefore, the instruction was not warranted.

■ The only issue before this Court is whether the error is prejudicial and therefore requires reversal of DeHaven's conviction. The Commonwealth urges us to accept the proposition that the error was not prejudicial because the error conferred a benefit upon DeHaven. The benefit to DeHaven, according to the Commonwealth, is the conviction of first degree manslaughter, instead of murder, which carries a lighter penalty. We cannot accept this proposition.

■ It is a well settled principle that a jury conviction "under an erroneous instruction for a crime that was not proven by the testimony is conclusive that the giving of the instruction was prejudicial." *Johnston v. Commonwealth*, 170 Ky. 766, 186 S.W. 655, 657 (1916); See also, *Faerber v. Commonwealth*, Ky., 452 S.W.2d 624 (1969). It is interesting to note that *Johnston* concerned an erroneous instruction, and subsequent conviction, on manslaughter when there was no evidence to support it. In this case all parties agree that the manslaughter instruction was erroneous, therefore, DeHaven's conviction for that crime proves the error was prejudicial.

The Commonwealth further argues that we should not affirm as the reversal "leads to an absurd result and ... is completely unjustified by the facts of the case." *Smith v. Commonwealth*, Ky., 737 S.W.2d 683, 688

(1987). The absurd result is that DeHaven will be released from prison and cannot be retried for the death of Juanita. The jury, by its verdict, found DeHaven not guilty of the murder of Juanita. See, *Smith, supra*, at 688. However, there was no evidence from which they could have found DeHaven guilty of first degree manslaughter. Therefore, reversal of this conviction is not an absurd result. Moreover, while DeHaven will be released from prison upon rendering of this opinion, he has served almost five years in prison.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

BAKER, LAMBERT and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents in a separate dissenting opinion.

GRAVES, J., and Special Justice EDWIN BAER join in this dissenting opinion.

KING, J., not sitting.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because the alleged error in the jury instruction was not so prejudicial as to require reversal.

The reversal of the conviction is based upon a determination that it was reversible error for the trial court to instruct the jury on first-degree manslaughter as there appeared to be no direct evidence of extreme emotional disturbance (EED).

The giving of an instruction on first-degree manslaughter over DeHaven's objection, was not reversible error, and even if such instruction was error, it was nonprejudicial. RCr 9.24. The act of manslaughter in the first degree may occur when a person intentionally kills an individual under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance. KRS 507.030(1)(b). EED is "a temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment and to cause one to act uncontrollably from the impelling force of the EED rather than from evil or malicious purpose." *McClellan v. Commonwealth*, Ky., 715

S.W.2d 464, 468–69 (1986). The existence of an extreme emotional disturbance may be inferred from all the facts and circumstances in the record and whether DeHaven was so disturbed is a fact question for the jury to determine. The jurors may determine the reasonableness of an excuse for EED by placing themselves in DeHaven's position as he believed it to be at the time of the homicide. *Wellman v. Commonwealth*, Ky., 694 S.W.2d 696 (1985) (citing *Gall v. Commonwealth*, Ky., 607 S.W.2d 97, 108 [1980] ).

There is no direct evidence establishing EED in this case. We have held that circumstantial evidence is proof of facts and circumstances giving rise to reasonable influences of other facts that tend to establish guilt/innocence of a defendant. *See Smith v. Commonwealth*, Ky., 645 S.W.2d 707 (1983). There are facts in the record which would support a jury finding that DeHaven killed Juanita DeHaven, but there are also facts supportive of the giving of an instruction for the lesser offense of first-degree manslaughter and this includes the parties involvement in a bitter divorce and custody battle and most recent, expressions uttered by DeHaven himself. The case of *Gall, supra*, provides that the law on mitigating circumstances continues to be the law under the penal code and that where the evidence is wholly circumstantial or there is evidence of a struggle or other unusual circumstances from which a jury may infer a lesser degree of the crime, a lesser included offense instruction is warranted. *Brown v. Commonwealth*, Ky., 555 S.W.2d 252, 257 (1977).

A jury is not required to disregard reasonable inferences that flow normally from the evidence. Considering the totality of the circumstances, there is nothing irrational or unreasonable about a conclusion that DeHaven killed his wife, but that at the time, it was not premeditated, but merely a result of a loss of emotional control. The evidence is limited because there were no eyewitnesses and DeHaven presented an alibi defense. The killing was denied and he sought to have the wife's death appear to be occasioned by natural causes, but the jurors did not believe that theory. With a determination that DeHaven killed his wife, the jury was justified,

under its duty, to determine the degree of the crime deducible from the evidence. An instruction on the lesser offense was proper.

The Model Penal Code and Commentary, Section 210.3 at pp. 54 and 51–63 (1980), states that the substantive factors that reduce murder to manslaughter under the Penal Code are made different from the prior standard only to the extent that they broaden the scope of inquiry to include cause and intensity of a defendant's emotion as the basis for mitigation. *Holbrook v. Commonwealth,* Ky., 813 S.W.2d 811 (1991) (Leibson, J., concurring). *Cecil v. Commonwealth, Morgan v. Commonwealth,* and *Smith v. Commonwealth,* relied upon in the majority opinion, are distinguished and arose from cases wherein the trial court denied the defendants an EED instruction and such opinions affirmed the convictions arising therefrom. Ordinarily, an instruction on a lesser degree of an offense for which there is no evidence in the record has been held not to constitute a reversible error by the trial judge.

Although the giving of an instruction on offenses for which there is no evidence in the record is to be avoided, the giving of such an instruction, even though it results in a conviction in a lesser offense not supported by the evidence is not necessarily reversible error. On appeal, a conviction of a lesser degree of the crime charged should be upheld even if there is no evidence in the record to establish the technical elements of that crime.

*Smith v. Commonwealth,* Ky., 737 S.W.2d 683 (1987), held that the giving of an instruction on wanton murder, although not supported by the evidence, was harmless error and resulted in no prejudice to appellant. As in *Smith,* I would recommend rejection of the idea that DeHaven suffered any prejudice. Here, the jury was given the opportunity to find him guilty of an offense with a lesser penalty, and he cannot demonstrate any actual prejudice affecting his substantial rights. If anything, the giving of the homicide instruction in this case inured to the benefit of the defendant. The result reached by the Court of Appeals conclusion that DeHaven was prejudiced by the complained of instruction tends to lead to an absurd result. The

jury unanimously found, beyond a reasonable doubt, that DeHaven was responsible for the killing of his wife and any error providing the jury with an opportunity to recommend a sentence lower than the range for murder was manifestly to DeHaven's benefit. This Court has consistently rejected the notion that the giving of an instruction, even an erroneous one, required a reversal of a criminal conviction where that error did not prejudice the accused. *Roberts v. Commonwealth,* 284 Ky. 377, 144 S.W.2d 1043 (1940); *Long v. Commonwealth,* Ky., 262 S.W.2d 809 (1953). A party should not be heard to complain of error in his own favor. *Barnett v. Gilbert,* 280 Ky. 402, 133 S.W.2d 529 (1939). Nothing in the record indicates that the verdict was anything other than a reasoned decision.

I would reverse the Court of Appeals and remand this case for an opinion upon the remaining issues raised on appeal.

GRAVES, J., and Special Justice EDWIN BAER join in this dissent.