Lesley D. BLADES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 95–SC–979–DG.

Supreme Court of Kentucky.

Oct. 30, 1997.

Rehearing Denied Jan. 22, 1998.

Charles R. Orange, Russellville, for Appellant.

A.B. Chandler, III, Attorney General, Perry T. Ryan, Criminal Appellate, Division Office of Attorney General, Frankfort, George Gleitz, Assistant County Attorney, Bowling Green, for Appellee.

GRAVES, Justice.

This matter is before the Court on discretionary review from the Warren Circuit Court. Appellant, Lesley Blades, was convicted in the Warren District Court of operating a vehicle while under the influence of alcohol, second offense. He was fined $500 and sentenced to seven days in jail. The conviction was affirmed on appeal to the circuit court and the Court of Appeals denied review. Four issues are presented: whether Appellant was entitled to an alcohol intoxication instruction; whether the circuit court should have reversed the conviction due to the Commonwealth's failure to respond to the appeal; whether sufficient evidence was presented to support Appellant's conviction; and whether the trial court erred in failing to bifurcate the guilt phase and penalty phase of the trial.

On November 6, 1993, two Kentucky State Troopers responded to citizens' complaints that a male was staggering in the roadway and that a truck with its emergency flashers operating was parked in the roadway. The troopers observed Appellant walking down U.S. Highway 31 W in Warren County. Upon questioning, Appellant strongly smelled of alcohol and failed to pass several field sobriety tests. He was subsequently placed under arrest for public intoxication. The troopers came upon Appellant's truck approximately one mile down the road. The truck was in the center of the highway and its engine was still running. Appellant admitted he had driven the truck to its location. At the Warren County jail, Appellant submitted to a breathalyzer test which indicated his blood alcohol concentration was .234 percent. Because Appellant had previously been convicted of DUI within five years, he was charged with DUI second offense.

At trial, both troopers testified that Appellant admitted that the truck was his and he had, in fact, been driving. Appellant testified that he had driven the truck to Dueling Grounds race track in Simpson County earlier on the day of the arrest. However, he explained that at the end of the day he asked his stepdaughter to drive because he was intoxicated. His truck developed a problem while on the highway, and he had started walking in order to get assistance. Appellant testified that he did not tell the truth when he told the troopers he had been driving, in order to protect his stepdaughter who was married.

In addition to Appellant's testimony, a defense witness testified that he had helped a woman start a truck in the race track parking lot on the day in question because she was unfamiliar with diesels. The witness stated that Appellant was a passenger in the truck. The stepdaughter, as well, testified that she, and not Appellant, had driven the truck from the race track to Warren County.

At the close of trial, the jury found Appellant guilty of DUI second offense. On appeal, the Warren Circuit Court affirmed the judgment of the district court, by order entered on June 29, 1995. In October 1995, the Court of Appeals denied discretionary review. This Court subsequently granted discretionary review in May 1996. Additional facts are set forth as necessary in the course of this opinion.

█ Appellant's first allegation of error is the trial court's failure to instruct the jury on alcohol intoxication in a public place. Appellant contends that the fact he was arrested while walking down the highway entitled him to such an instruction. However, it is apparent from the record, and Appellant conceded as much during oral argument, that an instruction was never requested.

"It is fundamental that in a criminal case it is the duty of the court 'by the instructions to give to the accused the opportunity for the jury to determine the merits of any lawful defense which he has.'" *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988) (Quoting *Curtis v. Commonwealth*, 169 Ky. 727, 184 S.W. 1105, 1107 (1916)). However, this Court has consistently held that pursu-

ant to RCr 9.54(2), a party cannot assign error to instructions unless that party "makes a specific objection to the giving or failure to give an instruction before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection." *Chumbler v. Commonwealth*, Ky., 905 S.W.2d 488, 499 (1995); *see also Perdue v. Commonwealth*, Ky., 916 S.W.2d 148, 160 (1996) and *Davis v. Commonwealth*, Ky., 795 S.W.2d 942, 952 (1990). The record is void of any indication that Appellant ever requested an alcohol intoxication instruction. Thus, this issue is unpreserved and does not warrant consideration upon review.

■ Appellant next argues that he was entitled to essentially a reversal by default in the circuit court because the Commonwealth failed to file a brief or response to his appeal. Appellant relies primarily on CR 76.12(8)(c) which provides:

> If the appellee's brief has not been filed within the time allowed, the court *may:* (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. (emphasis added)

Rule 76 clearly states that it only applies to practice and procedure in the Court of Appeals and Supreme Court. CR 76.01. Appeals to the circuit court are instead governed by CR 72. Nonetheless, the language of CR 76.12(8)(c), authorizes discretionary, not automatic, relief. We are not aware of any rule requiring an automatic reversal in cases where an appellee fails to file an appellate brief. Appellant's argument is without merit.

■ Appellant further takes issue with the trial court's failure to grant his motion for a directed verdict. He contends that the Commonwealth produced no evidence to prove that he drove his vehicle, other than his confession to the troopers when he was first arrested.

Appellant relies on the rationale set forth in *Pence v. Commonwealth*, Ky.App., 825 S.W.2d 282 (1991), in which the Court of Appeals reversed the defendant's conviction on the grounds that there was no evidence to prove that he had been operating, while intoxicated, the vehicle in which he was found. The defendant in *Pence* was found sitting behind the wheel of his vehicle parked at a truck stop. In response to a question by the police officer, the defendant admitted that he had been operating the vehicle. A breathalyzer test revealed a blood alcohol content of .26 percent. The defendant was subsequently convicted in the circuit court for operating a vehicle while under the influence of alcohol, KRS 189A.010.

On appeal, the Court of Appeals determined that nothing in the evidence presented permitted a reasonable inference as to how long the defendant had been at the truck stop or that it was more likely that the defendant drove to the truck stop while intoxicated than he became intoxicated after arriving. "[T]here is no evidence to indicate whether such misconduct consisted only of drunkenness in public or operating a motor vehicle while drunk." *Id.* at 283.

> Viewing the evidence in the light most favorable to the prosecution, there is still an absence of proof that the appellant operated his vehicle while intoxicated. At best the evidence makes the existence of these elements of the offense slightly more probable than they would be without such evidence, but that is not enough. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*Pence, supra* at 284.

The facts in this case differ from *Pence* in that the time of arrest was more proximate to the time of the offense. The record reveals that no alcohol containers were found in Appellant's vehicle. Further, there were no liquor stores located on the approximately one mile stretch of road that Appellant walked. It is, nonetheless, quite improbable that Appellant could have become intoxicated in the short period of time it took him to leave his truck and travel to the location where he was subsequently arrested. This leads to a reasonable conclusion that Appel-

lant became intoxicated prior to operating his vehicle.

■ Moreover, we are of the opinion that *Pence* is flawed because it erroneously requires a greater degree of certainty in DUI cases than is required in other areas of the law. It is well-settled that a jury may make reasonable inferences from the evidence. *Commonwealth v. DeHaven*, Ky., 929 S.W.2d 187 (1996); *Carpenter v. Commonwealth*, Ky., 771 S.W.2d 822 (1989); *Barker v. Commonwealth*, 304 Ky. 13, 199 S.W.2d 713 (1947), *Mattingly v. Commonwealth*, 240 Ky. 625, 42 S.W.2d 874 (1931). We fail to logically perceive a rational differentiation between the inferences that may be drawn in DUI cases of this nature and other crimes. Clearly, if inferences from circumstantial evidence are sufficient to convict in felony crimes, *Commonwealth v. Preece*, Ky., 844 S.W.2d 385, 388 (1992), *a fortiori* circumstantial evidence and reasonable inferences therefrom are sufficient for a jury conviction of a misdemeanor offense, as is present in this case. Thus, we overrule *Pence* to the extent that it requires a heightened level of evidence in order to be submitted to the jury.

■ RCr 9.60 provides that a confession not made in open court will not warrant a conviction unless corroborated by other proof that such an offense occurred. The evidence presented in this case consisted of the following: Appellant was observed staggering in the roadway; upon further investigation it was determined that Appellant was intoxicated as demonstrated by his failure to pass the field sobriety tests as well as the breathalyzer results; Appellant's vehicle was found in the center of the roadway with the engine still running; and Appellant admitted to the troopers that he had driven the vehicle to its location. Clearly, there was more than sufficient circumstantial evidence presented to satisfy the corroboration requirement of RCr 9.60 and allow the jury to draw the reasonable inference that Appellant had been operating his vehicle while under the influence of alcohol. Our standard for review of a denial of a motion for directed verdict based on insufficient evidence is that if, under the evidence as a whole, it would be clearly unreasonable for a jury to find the defendant guilty, a directed verdict of acquittal should be granted. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991); *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983); *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). There was no error in denying Appellant's motion for directed verdict.

■ Although proof beyond a reasonable doubt is necessary to convict of a criminal offense, the proof required by RCr 9.60 to corroborate an extrajudicial confession need not be such that, independent of the confession, would establish the corpus delicti or Appellant's guilt beyond a reasonable doubt; and that proof of the corpus delicti, *i.e.*, that the offense of DUI was actually committed, may be established by considering the confession as well as the corroborating evidence. *Prichard v. United States*, 181 F.2d 326 (6th Cir.1950), *affirmed*, 339 U.S. 974, 70 S.Ct. 1029, 94 L.Ed. 1380 (1950); *see Lacey v. Commonwealth*, 251 Ky. 419, 65 S.W.2d 61 (1933); C.E. Torcia, 1 *Wharton's Criminal Law*, § 28, p. 172 (15th ed. Clark Boardman Callaghan 1993); Cooper, 1 *Kentucky Instructions to Juries (Criminal)*, §§ 1.01B, 2.05 (4th ed. Anderson 1993). Thus, even if the circumstantial evidence in this case standing alone would not suffice to prove guilt beyond a reasonable doubt, it sufficed to corroborate Appellant's confession; and the circumstantial evidence and the confession considered together constituted sufficient proof to take the case to the jury.

■ Finally, Appellant argues that a new trial is required because the trial court failed to bifurcate the guilt phase from the penalty phase at trial. Appellant concedes that this issue was not raised in the district court, nor on appeal to the circuit court.

Notwithstanding that this issue is unpreserved, it is also unpersuasive. In *Dedic v. Commonwealth*, Ky., 920 S.W.2d 878 (1996), this Court held that misdemeanor DUI trials must be bifurcated. However, at the time of Appellant's trial in 1994, there was no constitutional or statutory requirement for the bifurcation of misdemeanor DUI trials. *Ratliff v. Commonwealth*, Ky.App., 719 S.W.2d 445 (1986); *Carver v. Commonwealth*, Ky., 634 S.W.2d 418 (1982). Appellant is simply seek-

ing to take advantage of a new decision which has no retroactive applicability to his trial.

For the foregoing reasons, the judgment and conviction of the Warren Circuit Court is affirmed.

COOPER, GRAVES, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents in a separate opinion in which STEPHENS, C.J., and MARGARET KEANE, Special Justice, join.

JOHNSTONE, J., not sitting.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. The majority has tossed aside precedent more than ten years old and ignored the rules of this Court in affirming this conviction. RCr 9.60 provides as follows: "A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that such an offense was committed." When the evidence is examined, without considering the confession, there is not enough left to fulfill the corroborative evidence requirement. Blades was found in an intoxicated state walking on the roadway. His car was found some distance away, its engine on, parked in the roadway. Blades testified that he had been drinking at Dueling Grounds race track, so he got his step-daughter to drive him home. The step-daughter and an independent witness both testified that she did indeed drive the vehicle from the grounds of the track. Both Blades and his stepdaughter testified that the vehicle began to malfunction and that the step-daughter left to obtain help, catching a ride with a passing car back to Dueling Grounds. No one puts Blades behind the wheel in an intoxicated condition. If the statement Blades gave is disregarded, there is simply no evidence to prove that he committed the offense of driving under the influence. The case law is clear. There must be proof that the crime was committed to corroborate the out-of-court confession. *Wilson v. Commonwealth*, Ky., 476 S.W.2d 622 (1971); *Dolan v. Commonwealth*, Ky., 468 S.W.2d 277 (1971). Here, there is no proof of a crime without Blades' statement. The statement made by Blades should not have been admitted into evidence because it was uncorroborated.

It is this scenario that the now-overruled cases of *Pence v. Commonwealth*, Ky.App., 825 S.W.2d 282 (1991) and *Wells v. Commonwealth*, Ky.App., 709 S.W.2d 847 (1986), sought to address. The evidence in each of those cases was just as consistent with guilt as with innocence. Thus, the cases were taken from the jury because there was insufficient evidence to support a jury finding of guilt beyond a reasonable doubt. In the instant case, once the proper evidentiary ruling was made, then a directed verdict should have been granted. I would reverse the conviction of Appellant.

STEPHENS, C.J., and MARGARET KEANE, Special Justice, joins this dissenting opinion.