KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

Raymond TROXELL, Appellee.

Raymond TROXELL, Appellant,

v.

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Apellee.

Nos. 96–SC–446–DG, 97–SC–000095–DG.

Supreme Court of Kentucky.

Nov. 20, 1997.

Rehearing Denied Feb. 19, 1998.

E. Patrick Moores, Barry M. Miller, Fowler, Measle & Bell, Lexington, for Kentucky Farm Bureau Mutual Insurance Company.

Thomas E. Carroll, Carroll Law Offices, Monticello, for Raymond Troxell.

GRAVES, Justice.

This is a review of a Court of Appeals decision which affirmed in part and reversed in part the judgment of the Wayne Circuit Court, awarding Appellee/Cross–Appellant, Raymond Troxell, $3,000 in lost wages and $775,000 in punitive damages for bad faith and unfair settlement practices against Appellant/Cross–Appellee, Kentucky Farm Bureau Mutual Insurance Company. The Court of Appeals set aside the award for lost wages on the grounds that Troxell did not present reliable proof of work loss. Further, while acknowledging that ordinarily a punitive damages award cannot stand absent an award of compensatory damages, a majority of the Court of Appeals ruled that Farm Bureau's settlement of Troxell's uninsured motorist (UM) claim satisfied the factual predicate for the punitive damages award. The Court of Appeals did, however, remand the punitive damage award for appropriate post trial review.

After hearing oral arguments and reviewing the record, we affirm the decision of the Court of Appeals as to lost wages. However, as we conclude that the award for lost wages was an integral component of the punitive damages award, we reverse and remand for a new trial.

## FACTS

In February 1990, Troxell, a pedestrian, received injuries when he was struck by an uninsured motor vehicle in a shopping center parking lot. Troxell did not inform his insurer, Farm Bureau, until May 1990, when he sought reimbursement for medical bills. Thereafter, Farm Bureau claims adjuster, Kenneth Conn, met with Troxell and obtained a signed release whereby Troxell agreed to settle his UM claim for $500. Troxell retained the right to seek personal injury protection (PIP) benefits under the policy.

Troxell subsequently made a claim for lost wages. Farm Bureau initially denied the claim stating that additional proof was needed to establish the amount of loss. In response, Troxell tendered several handwritten receipts reflecting auto repair work that he had allegedly done for several family members. The receipts were prepared by Troxell's wife and signed by the relatives. After Farm Bureau continued to deny the claim, Troxell initiated this action seeking recovery of UM benefits and lost wages. Troxell's complaint also demanded punitive damages for bad faith and unfair claims settlement practices, on the grounds that Farm Bureau had fraudulently obtained the release of his UM claim. Troxell eventually settled his UM claim against Farm Bureau for $10,000. The claims for bad faith and unfair settlement practices, as well as lost wages, were specifically preserved.

Prior to trial, Farm Bureau moved to exclude evidence of company manuals used to train Farm Bureau adjusters, as well as evidence concerning similar litigation against Farm Bureau, specifically involving adjuster Kenneth Conn. Both motions were denied. The jury returned a verdict in favor of Troxell, awarding him $3,000 for lost wages and $775,000 in punitive damages for bad faith and unfair claims settlement practices on the part of Farm Bureau.

Both parties appealed and the Court of Appeals, in an unpublished opinion, held that Farm Bureau was entitled to a directed ver-

dict on Troxell's claim for lost wages, inasmuch as the only evidence in support thereof was self-serving and wholly insufficient to support an instruction for lost wages. A majority of the court agreed that although punitive damages were appropriate, the trial court failed to conduct a proper post trial review, and thus remanded the case with instructions to do so in accordance with *Hanson v. American National Bank & Trust Co.*, Ky., 865 S.W.2d 302 (1993). Both Troxell and Farm Bureau appealed and this Court accepted discretionary review. Additional facts will be set forth as necessary in the course of this opinion.

### I. CLAIM FOR LOST WAGES

■ Troxell argues that the Court of Appeals erroneously substituted its judgment for that of the trial court in holding that Farm Bureau should have been entitled to a directed verdict as to his claim for lost wages. We disagree.

Pursuant to KRS 304.39–210(1), to recover benefits for work loss, Troxell was required to provide Farm Bureau with "reasonable proof of the fact and amount of loss realized." "Work Loss" is defined as:

[L]oss of income from work the injured person would probably have performed if he had not been injured, and expenses reasonably incurred by him in obtaining services in lieu of those he would have performed for income, reduced by any income from substitute work actually performed by him.

KRS 304.39–020(5)(b).

In its opinion, the Court of Appeals acknowledged that the quantum of proof necessary to establish "reasonable proof of the fact and amount of loss realized" is a question of first impression in this jurisdiction. In recognizing that the proof necessary to establish a claim for lost wages is the same as that necessary to establish a claim for medical bills, KRS 304.39–210(1), the court cited *State Automobile Mutual Insurance Co. v. Outlaw*, Ky.App., 575 S.W.2d 489 (1978), which provides:

A proof of loss is intended to provide insurance companies with an opportunity to investigate the claim and to make an intelligent estimate of the company's rights and liabilities before becoming obligated to pay the claim.... [T]he statement of the claimant alone would not, as a matter of law, satisfy the statutory requirement of "reasonable proof of the fact and amount of loss realized." ... The statute placed the burden on the claimant to provide reasonable proof of the fact and amount of loss realized.

*Id.* at 493.

■ Turning now to the case before us, we agree with and adopt the language of the Court of Appeals opinion, which states:

Applying this reasoning to the facts presented in the instant case, it is clear that Troxell failed to present any reliable proof of his work loss. Generally, a person would produce copies of tax returns to show the amount of income earned during previous years. KFBM stresses Troxell's lack of this type of evidence heavily. While income tax returns tend to present fairly reliable evidence in most instances, claimants are not required to prove lost wages in this manner. In some instances, such as here, a claimant may have so little income that he is not required to file a tax return.

At the same time, evidence such as Troxell proffered to prove his lost wages is wholly insufficient. The only evidence produced was self-serving. Receipts prepared by Troxell's wife months after the fact and signed by relatives stating that Troxell had been paid for work performed on various automobiles is the only evidence Troxell offered, aside from his own testimony. KFBM had more than a reasonable basis in law and fact to deny the claim. *Wittmer v. Jones*, Ky., 864 S.W.2d 885, 890 (1993). While we are not prepared to say that handwritten receipts cannot constitute proof of wages earned, in this case, where the receipts were prepared only after KFBM requested some proof of lost wages and months after the work allegedly was done, as a matter of law, this was insufficient evidence to merit an instruction authorizing an award of lost wages.

Accordingly, we affirm the Court of Appeals decision that there was insufficient proof presented to support Troxell's claim for lost wages.

## II. PUNITIVE DAMAGES AWARD

■ Notwithstanding the decision to set aside the award for lost wages, the Court of Appeals held that because Troxell's claims for bad faith and unfair claims settlement practices were premised on both UM and lost wage theories, his right to recover punitive damages was not extinguished simply because the claim for lost wages was legally insufficient for submission to the jury and therefore should have been dismissed by a directed verdict. The Court of Appeals stated:

> In another case, a directed verdict on [the UM claim and lost wages claim] would entitle KFBM to a total reversal of the judgment entered by the trial court. This is because punitive damages cannot be supported absent an award of compensatory damages. The uniqueness of this case stems from the fact that the basis for compensatory damages was the subject of the settlement agreement entered into during the course of litigation.

We agree that Troxell asserted other theories which, if believed by the jury, would support an award for punitive damages. *Wittmer, supra; see also Curry v. Fireman's Fund Ins. Co.,* Ky., 784 S.W.2d 176 (1989) and *Empire Fire & Marine v. Simpsonville Wrecker,* Ky.App., 880 S.W.2d 886 (1994). However, in light of the decision that an instruction for lost wages was not supported by the evidence, the language of the punitive damages instruction necessarily merits reversal because it included the noncompensable element of lost wages.

Instruction No. 7 provided:

> That if you have found that Kentucky Farm Bureau Mutual Insurance Company acted in bad faith, or violated duties imposed under Instructions No. 2, 4, 5, and/or 6, and if you are further satisfied from the evidence that Kentucky Farm Bureau Mutual Insurance Company acted toward Raymond Troxell with malice, fraud and oppression, you may in your discretion award punitive damages against the defendant in addition to the damages awarded under Instructions No. 4 and/or 5.

Instruction No. 7 permitted the jury to award punitive damages if it found that Farm Bureau acted in bad faith in refusing to pay Troxell's claim for lost wages (Instruction No. 4), in failing to pay medical bills within 30 days (Instruction No. 5), or in failing to effectuate a prompt, fair, and equitable settlement (Instruction No. 6).

The error arises from the fact that the jury's justification for awarding punitive damages cannot be ascertained and thus, may have been based, in part, on the noncompensable and unproven element of lost wages. A review of the jury instructions and interrogatories reveals that the jury determined Farm Bureau did, in fact, have a reasonable basis for failing to pay Troxell's medical bills within 30 days. However, the jury also affirmatively found that Troxell had presented reasonable proof of lost wages, as well as that Farm Bureau breached its duty to Troxell to effectuate a fair and prompt settlement. Therefore, the award of punitive damages could have reasonably been based in whole, or in part, on the jury finding which was subsequently set aside by the Court of Appeals.

Once the Court of Appeals determined that the evidence was insufficient to support an instruction for lost wages, the language of the punitive damages instruction was incorrect, in that it specifically allowed an award of punitive damages based upon the failure to pay lost wages. As such, the factual basis of the jury's decision becomes insufficient or erroneous, and the propriety of the award for punitive damages is called into question. Thus, we conclude the matter must be remanded to the circuit court for a new trial as to the claims of bad faith and unfair settlement practices.

■ We note that the Court of Appeals affirmed the admissibility of evidence pertaining to similar litigation involving Farm Bureau and adjuster Kenneth Conn. We agree that such evidence was relevant in the trial below to show that Farm Bureau was aware that this particular adjuster had previ-

ously used methods in handling claims that are unacceptable under Kentucky law and further, that Farm Bureau had knowledge of a pattern of conduct practiced by its agent. Said proof is central to satisfying the criteria contained in KRS 411.184(3) for obtaining a punitive damages instruction. However, we are of the opinion that any monetary amounts involved in the prior litigation are not relevant and should not be introduced upon retrial.

The decision of the Court of Appeals is reversed and this matter is remanded to the Wayne Circuit Court for a new trial in accordance with this opinion.

STEPHENS, C.J., and COOPER, GRAVES and JOHNSTONE, JJ., concur.

LAMBERT, J., dissents in a separate opinion in which STUMBO and WINTERSHEIMER, JJ., join.

LAMBERT, Justice, dissenting.

The majority opinion depends entirely on the view that Mr. Troxell's claim for lost wages was erroneously submitted to the jury. As the lost wages claim was submitted along with other claims which are conceded to have been properly submitted, the majority reasons, nevertheless, that the jury might have found a breach of duty to pay lost wages as its basis for the bad faith and punitive damages award. From this it concludes that the case must be retried without any claim for lost wages, and with only the claims for bad faith and unfair claims settlement practices.

In my view the majority has applied an improper standard of review to Mr. Troxell's claim for lost wages. The majority denigrates the absence of objective documentary evidence, but overlooks that Mr. Troxell's oral testimony was sufficient to permit the jury to believe by a preponderance of the evidence that the personal injuries justified the verdict for lost wages. Reliance by the majority on *State Automobile Mutual Insurance Co. v. Outlaw*, Ky.App., 575 S.W.2d 489 (1978), is misplaced as it was a medical expenses case in which ample documentary evidence would have been available from health care providers.

The importance of the medical bill was recognized by the legislature. There is a statutory presumption that any medical bill submitted is reasonable. KRS 304.39-020(5)(a).

*Id.* at 493. When the person claiming lost wages is poor, uneducated, and a shade-tree mechanic, such computer-generated documents such as would be forthcoming from a health care provider are simply not available, but the absence of such documents should not foreclose the claim.

The case which should control here is *Lewis v. Bledsoe Surface Mining Co.*, Ky., 798 S.W.2d 459 (1990), a wrongful discharge case in which the issue was whether the wrongfully discharged employee had used reasonable diligence in attempting to secure other employment. There was no documentary evidence that the employee had sought other employment, but he testified that after his discharge he sought employment at coal companies, sawmills, and as a truck driver. The former employer characterized the evidence as "a vague list of eight or nine employers, but [he] could testify as to no times, dates or reasons for not being hired." With the issue so joined, we said:

> While appellant's evidence may have been lacking in precision, upon all of such testimony, he and other witnesses were sharply cross-examined and confronted with the contention that he had no desire to obtain other employment and was perfectly willing to await the result of his lawsuit. We are of the opinion that such evidence created a classic jury question, the resolution of which is a matter reserved exclusively to the trier of fact.

*Id.* at 461. In concluding comments and relying on *Kentucky & Indiana Terminal R. Co. v. Cantrell*, 298 Ky., 743, 184 S.W.2d 111 (1944), and *Cochran v. Downing*, Ky., 247 S.W.2d 228 (1952), we discussed the standard of review of a judgment upon a jury verdict as follows:

> All evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be

given to the evidence, these being functions reserved to the trier of fact.

*Lewis,* 798 S.W.2d at 461.

In my view the majority has re-weighed the evidence presented and concluded that it disagrees with the jury. On this basis, the jury verdict and judgment entered thereon have been set aside, contrary to the unmistakable requirements of *NCAA v. Hornung,* Ky., 754 S.W.2d 855 (1988), and cases cited therein. The majority in this case has made the same mistake it identified and corrected with respect to DUI cases in *Blades v. Commonwealth,* 957 S.W.2d 246 (1997), as follows:

> Moreover, we are of the opinion that *Pence [Pence v. Commonwealth,* Ky.App., 825 S.W.2d 282 (1991)] is flawed because it erroneously requires a greater degree of certainty in DUI cases than is required in other areas of the law. It is well-settled that a jury may make reasonable inferences from the evidence. *Commonwealth v. DeHaven,* Ky., 929 S.W.2d 187 (1996); *Carpenter v. Commonwealth,* Ky., 771 S.W.2d 822 (1989); *Barker v. Commonwealth,* 304 Ky. 13, 199 S.W.2d 713 (1947), *Mattingly v. Commonwealth,* 240 Ky. 625, 42 S.W.2d 874 (1931). We fail to logically perceive a rational differentiation between the inferences that may be drawn in DUI cases of this nature and other more serious crimes. Clearly, if inferences from circumstantial evidence are sufficient to convict in felony crimes, *Commonwealth v. Preece,* Ky., 844 S.W.2d 385, 388 (1992), *a fortiori* circumstantial evidence and reasonable inferences therefrom are sufficient for a jury conviction of a misdemeanor offense, as is present in this case. Thus, we overrule *Pence* to the extent that it requires a heightened level of evidence in order to be submitted to the jury.

At 249–250. No "greater degree of certainty" should be required of a claimant who seeks to prove lost wages than is required in other areas of the law. If "circumstantial evidence and reasonable inferences therefrom are sufficient for a jury conviction of a misdemeanor [or felony] offense," then such evidence should be sufficient to sustain a jury verdict for lost wages.

For the reasons stated herein, I would reverse the Court of Appeals and reinstate the final judgment of the circuit court.

STUMBO and WINTERSHEIMER, JJ., join this dissenting opinion.