Larry LEWIS, Appellant,

v.

**BLEDSOE SURFACE MINING COMPANY, Appellee.**

No. 90–SC–199–DG.

Supreme Court of Kentucky.

Nov. 8, 1990.

Phillip Lewis, Hyden, for appellant.

Debra H. Dawahare, Wyatt, Tarrant & Combs, Lexington, for appellee.

LAMBERT, Justice.

This Court granted discretionary review of the decision of the Court of Appeals which reversed a jury verdict as to damages. Although not identified as such by the Court of Appeals or the parties, the issue appears to be whether appellant (plaintiff at trial) presented sufficient evidence at trial of his diligence in seeking other employment to support the verdict of the jury as to damages. Said otherwise, should appellee (defendant at trial) have been granted a directed verdict for any damages in excess of nominal damages? As will be explained, significant issues which might have been presented are not before the Court.

As determined by the jury and affirmed by the Court of Appeals, appellant was wrongfully discharged by appellee for bringing a workers' compensation claim. Appellee did not file a cross-motion for discretionary review in this Court, and the liability question was resolved against it by the Court of Appeals. Therefore, we are not at liberty to review the sufficiency of the evidence on this issue. CR 76.21. Accordingly, the parties' extensive discussions of the facts giving rise to the claim of wrongful discharge are largely irrelevant to our inquiry.

■ At the close of all the evidence, appellee tendered instructions with which appellant agreed. These instructions, submitted in the form of special interrogatories, required the jury to find, *inter alia*, the amount appellant would have earned from appellee but for the wrongful discharge, the amount he actually earned from other employment, and whether he exercised reasonable diligence to secure other employment during the relevant period. Manifestly, the instructions sound in contract and may be at odds with this Court's decision in *Firestone v. Meadows*, Ky., 666 S.W.2d 730, 732 (1984), in which we characterized a cause of action for wrongful discharge as "perfectly consistent with the law of torts." However, in view of the absence of any objection by either party to the instructions given, there is no issue in this case as to whether the instructions properly defined the allowable recovery and this Court's resolution of the issue as presented should not be interpreted as approval or disapproval of the manner in which the jury was instructed. *O'Leary v. Commonwealth*, Ky., 441 S.W.2d 150 (1969).

■ Despite its affirmance of the trial court on the issue of wrongful discharge, the Court of Appeals determined that appellant's evidence was insufficient to justify the damages awarded. It appears to have been the view of the Court of Appeals that appellant failed to prove that he exercised reasonable diligence to secure other work during the period for which damages were recovered. Conceding that appellant presented sufficient evidence to support a finding that he suffered loss of wages beyond the date appellee ceased doing business, the Court of Appeals said:

> "We can only conclude that it [appellant's proof] fell far short of furnishing an evidentiary basis for believing that appellee had exercised reasonable diligence to secure other employment throughout the entire time from his discharge to the date of trial."

Nevertheless and curiously, the case was remanded to the trial court "for a new trial on the issue of damages only." As with

the issue of liability for wrongful discharge, appellee did not move for leave to cross-appeal from the order remanding for a new trial on damages and we must therefore conclude that it was also satisfied with that portion of decision of the Court of Appeals. CR 76.21.

■ From the foregoing and as earlier stated, our only inquiry is whether appellant presented sufficient evidence that he exercised reasonable diligence to secure other work during the period for which damages were awarded. Upon examination of the evidence, we discover appellant's testimony that after his discharge, he sought employment at a number of coal companies, a sawmill and employment as a truck driver. He identified the persons and companies whom he had contacted seeking employment. Conceding that he had not applied for work every week from the time of his discharge until the date of trial, appellant insisted that he had been diligent. There was also unchallenged evidence that appellant had commenced a used car business which proved to be unsuccessful and that he had driven a truck occasionally during the relevant period.

Appellee characterized the evidence as "a vague list of eight or nine employers, but [he] could testify as to no times, dates or reasons for not being hired." Appellee's latter assertion is incorrect as appellant testified that a principal reason for his inability to obtain employment was the refusal of employers to hire him upon learning that he had been fired by appellee. While appellant's evidence may have been lacking in precision, upon all of such testimony, he and other witnesses were sharply cross-examined and confronted with the contention that he had no desire to obtain other employment and was perfectly willing to await the result of his lawsuit. We are of the opinion that such evidence created a classic jury question, the resolution of which is a matter reserved exclusively to the trier of fact.

Appellee and the Court of Appeals rely upon this Court's decision in *Newport Dairy v. Shackelford*, 261 Ky. 754, 88 S.W.2d 940 (1935), a case in which an employee was allowed recovery in the trial court for breach of an employment contract. On appeal, the decisive issue was whether there was evidence of reasonable diligence by the employee to obtain other employment. After quoting a portion of the testimony, the Court said:

"It should be observed that his answers disclose no facts, but merely his opinion. He names no person, time, or place, of whom, when, or where, he even sought employment. Whilst he did not sell brushes, he merely stated, 'I tried to.' Whether he did so for only a portion of a day, the record is silent." 88 S.W.2d at 942.

The judgment was reversed.

Our examination of the testimony quoted in *Shackelford* and the evidence presented herein reveals sufficient dissimilarity to require submission of this case under the standard relied upon by appellee and the Court of Appeals.

■ As stated at the outset, we perceive the issue to be whether there was sufficient evidence at trial of appellant's diligence in seeking other employment to support the verdict of the jury as to damages; or whether the trial court erred in failing to grant appellee's motion for a directed verdict for any sum in excess of nominal damages. Upon review of the evidence supporting a judgment entered upon a jury verdict, the role of an appellate court is limited to determining whether the trial court erred in failing to grant the motion for directed verdict. All evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of fact. *Kentucky & Indiana Terminal R. Co. v. Cantrell*, 298 Ky., 743, 184 S.W.2d 111 (1944), and *Cochran v. Downing*, Ky., 247 S.W.2d 228 (1952). The prevailing party is entitled to all reasonable inferences which may be drawn from the evidence. Upon completion of such an evidentiary review, the appellate court must determine whether the verdict rendered is " 'palpably or flagrantly' against the evi-

dence so as 'to indicate that it was reached as a result of passion or prejudice.'" *NCAA v. Hornung*, Ky., 754 S.W.2d 855, 860 (1988). If the reviewing court concludes that such is the case, it is at liberty to reverse the judgment on the grounds that the trial court erred in failing to sustain the motion for directed verdict. Otherwise, the judgment must be affirmed.

Upon our review of the evidence, we are of the opinion that the Court of Appeals exceeded the scope of its review. Finding no error in the trial court's ruling on the motion for directed verdict, we reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

STEPHENS, C.J., and COMBS, GANT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

VANCE, J., dissents.