**Ricky COLLINS and Beverly Collins, Appellants,**

v.

**APPALACHIAN RESEARCH AND DEFENSE FUND OF KENTUCKY, INC., Appellee.**

**No. 2011–CA–001680–MR.**

Court of Appeals of Kentucky.

Dec. 7, 2012.

Discretionary Review Denied by Supreme Court Sept. 18, 2013.

Robert L. Bertram, Jamestown, KY, for appellant.

Michael P. Casey, Cannon G. Armstrong, Lexington, KY, for appellee.

Before DIXON, MAZE and NICKELL, Judges.

*OPINION*

DIXON, Judge:

Appellant, Ricky Collins, appeals from an order of the Adair Circuit Court granting summary judgment in favor of Appalachian Research & Defense Fund of Kentucky, Inc. ("Appalred") on his claim under the theory of respondeat superior liability. For the reasons set forth herein, we affirm.

This case arises from an automobile accident that occurred on February 11, 2008, on Kentucky Highway 55 in Adair County, involving vehicles driven by Collins, Marilyn Neumann, and William Murrell. Specifically, Neumann, who was employed as an attorney with Appalred at the time, had dropped her son off at school, driven to two different banks to conduct business for her father, and had driven to her father's house to deliver paperwork. En route to the first bank, Neumann called her office to let them know she was running errands and would be late. After leaving her father's house, Neumann began her commute to the Appalred office in Columbia, Kentucky, where she worked on a daily basis. Just after crossing the Adair County line, Murrell pulled on to Highway 55 directly in front of Neumann. Neumann swerved in an attempt to avoid Murrell's truck but nevertheless struck the rear

driver's side of the vehicle. The impact caused Neumann's vehicle to become airborne, after which it landed on top of the vehicle driven by Collins. Both Collins and Neumann suffered significant and permanent injuries.

In December 2008, Collins[1] filed suit against Neumann, Appalred, Murrell, and Anthony Reece, d/b/a Anthony's Auto Sales.[2] In December 2009, Appalred filed a motion for summary judgment on the grounds that there was no legal basis for Collins' claim. Following a hearing, the trial court denied the motion and ordered that Collins had sixty days to take the deposition of Appalred's designated corporate representative for the purpose of determining whether there was a basis for imposing vicarious liability on Appalred.

In June 2010, Appalred renewed its motion for summary judgment, arguing that Neumann was not acting within the scope of her employment at the time of the accident. In his response to Appalred's motion, Collins maintained that Neumann was commuting to work at the time of the accident and further that she had engaged in work-related activities prior to such. Specifically, Collins claimed that Neumann had stopped by the Taylor County Courthouse earlier that morning and was, in fact, on her way to a court appearance in the Russell District Court when the accident occurred. In support of his claims, Collins attached an affidavit of a social worker who was present in the Russell District Court on the morning in question and had overheard the clerk say that Neumann had been involved in an accident and her cases would have to be continued.

On August 18, 2010, the trial court granted summary judgment in favor of Appalred and dismissed it as a party. In so doing, the court ruled:

> The record in this case establishes two indisputable facts. Neumann was commuting to work when the accident occurred and she was not engaged in any employment related activity at the time of the crash. Plaintiffs have only offered a warped version of the facts in response to Appalred's motion and an affidavit consisting of blatant hearsay for which no exception exists. It is impossible for plaintiffs to offer evidence at trial in support of their contentions regarding the vicarious liability of Appalred.

In a subsequent order, the trial court designated the summary judgment order as final and appealable pursuant to CR 54.02. This appeal ensued.

Our standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Ser-*

---

**1.** Collins' wife, Beverly, subsequently filed a claim as well.

**2.** Collins alleged that Anthony's Auto Sales had parked cars along the side of Highway 55, obstructing Neumann's view of Murrell's vehicle. The liability of Murrell or Anthony's Auto Sales is not at issue in this appeal.

*vice Center, Inc.,* 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.* Finally, since summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo. *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436 (Ky.App. 2001).

Collins first argues that the trial court erred in granting summary judgment because numerous issues of fact exist. Collins points out that Neumann regularly worked outside of the office, and often made numerous work-related phone calls (on a cell phone provided by Appalred) and stops during her daily commute. Further, Collins alleges that on the morning in question, Neumann had already stopped at the Taylor County Courthouse and was en route to another when the accident occurred. As such, Collins contends that there are issues of fact concerning Neumann's activities on that morning.

In Kentucky, "[t]he party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.,* 50 S.W.3d 195, 199 (Ky.2001). Collins' claim that Neumann was in the Taylor County Courthouse on work-related business the morning of the accident is not supported by the record. During Neumann's deposition, she explained that since the accident she has suffered from some memory loss. Thereafter, the following colloquy transpired between Neumann and Collins' attorney:

Q. Okay. There ... we believe that there is evidence that you were in the courthouse in Campbellsville that morning, do you remember being there?

A. No, I don't remember that.

Q. Is it possible that you were there and don't remember it, since the accident?

A. Well, sure.

Q. And it's possible then that you were there working on something for Appalred, looking up something or doing something in—

A. Well, if I was—

Q.—in your line of employment?

A.—if I was there, I'm sure that's probably what I was doing.

Other than the above conversation, Collins has offered no evidence that Neumann made a court appearance in Taylor County on the morning in question.

Similarly, Collins' only evidence to support his claim that Neumann was on her way to another courthouse when the accident occurred is an affidavit of a social worker who overheard someone else state that Neumann had been in an accident and her cases would be continued. The affidavit contains no specifics as to the time of day or Neumann's case that was allegedly docketed. Again, the record is devoid of any evidence that Neumann was actually scheduled to be in the Russell Circuit Court that morning.

In her deposition, Neumann gave a detailed timeline of the personal errands that she completed the morning of the accident. Neumann even stated that after she left her father's home and began her commute to work, she intended to stop by a mechanic's garage to check on a noise that her car was making. Further, Neumann commented repeatedly that she had no intention of going to court on that morning as she was wearing blue jeans, something she would not have done if she was making a court appearance. Finally, Neumann confirmed that she was *neither paid mileage for the day in question nor filed a workers'*

compensation claim with respect to the accident.

■ We are of the opinion that Collins offered no proof to refute Neumann's deposition testimony. Collins believes that Appalred's failure to produce either Neumann's phone message the morning of the accident or her calendar of that day's appointments create issues of fact precluding summary judgment. As previously noted, however, Collins cannot rely on his bare claims or beliefs to challenge a motion for summary judgment, but rather must present some affirmative evidence to raise a genuine issue of material fact. *Steelvest*, 807 S.W.2d at 482. The "hope or bare belief ... that something will 'turn up' cannot be made [the] basis for showing that a genuine issue as to a material fact exists." *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 573 (Ky.App. 2005) (*Quoting Neal v. Welker*, 426 S.W.2d 476, 479–80 (Ky.1968)). Collins failed in his burden and the trial court correctly found that no genuine issues of fact existed.

■ Collins next argues that Neumann was acting within the scope and course of her employment at the time of the accident so as to impose vicarious liability on Appalred, as her employer. Although Collins concedes that ordinary commutes to work may fall outside the scope of employment, he proffers that exceptions are made to the so-called "going and coming rule" when the employee's trip involves incidental benefits to the employer. Relying upon case law from other jurisdictions, Collins adds that courts have also excepted from the rule those situations where employers by agreeing to pay the employee for travel time and expenses associated with commuting, "have made the travel time part of the working day...." *See Hinman v. Westinghouse Elec. Co.*, 2 Cal.3d 956, 88 Cal.Rptr. 188, 471 P.2d 988,

992 (1970). Again, we are not persuaded by Collins' argument.

■ Kentucky law is clear that to hold an employer responsible to a third party for the tortious act of it employee, "such act must have been committed while the employee was engaged in furthering his employer's business or interests, without any deviation by the employee to a pursuit of his own business or interest...." *Wood v. Southeastern Greyhound Lines*, 302 Ky. 110, 194 S.W.2d 81, 83 (1946). If an employee deviates from the employer's business, for however short of a time period, to do acts which are not connected with the employer's business, the relationship is suspended and the employee is not acting within the scope of his employment. *Id.* at 83. (*Citing* 3 C.J.S. Agency, § 255 p. 187). As noted in Restatement (Third) of Agency § 7.07 (2006):

(1) An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment.

(2) An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

In *Papa John's Intern., Inc. v. McCoy*, 244 S.W.3d 44, 52 (Ky.2008), our Supreme Court explained,

[I]f the servant "acts from purely personal motives ... which [are] in no way connected with the employer's interests, he is considered in the ordinary case to have departed from his employment, and the master is not liable." [W. Page Keeton, et al., Prosser and Keeton on

the Law of Torts 505, 506 (5th ed.1984) ]. This approach "conforms to the economic theory of vicarious liability . . . because when the employee acts for solely personal reasons, the employer's ability to prevent the tort is limited." [*Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky.2005) (citation omitted) ].

Collins' argues that because Neumann regularly drove to courthouses, client meetings, or other activities during the course of her commute to the office, such was always within the scope of her employment. However, Neumann's general schedule is not determinative of what she was doing the morning of the accident. Generally, commuting to and from the place where an employee regularly works is not deemed to arise out of and in the course of the employment as the hazards ordinarily encountered in such journeys are not incident to the employer's business. *See Kaycee Coal Co. v. Short*, 450 S.W.2d 262 (Ky.1970). Furthermore, in the context of workers' compensation law, Kentucky courts have held:

> [w]hen travel is a requirement of employment and is implicit in the understanding between the employee and the employer at the time the employment contract was entered into, then injuries which occur going to or coming from a work place will generally be held to be work-related and compensable, except when a distinct departure or deviation on a personal errand is shown. (*Quoting* William S. Haynes, Kentucky Jurisprudence, *Workers' Compensation*, § 10–3 (revised 1990)).

*Olsten–Kimberly Quality Care v. Parr*, 965 S.W.2d 155, 157 (Ky.1998). *See also* *see Black v. Tichenor*, 396 S.W.2d 794 (Ky.1965); *Handy v. Kentucky State Highway Dep't*, —— Ky. ——, 335 S.W.2d 560 (1960). Certainly, this matter does not involve workers' compensation issues. Nevertheless, we believe the same general principle applies with respect to the scope of employment.

Neumann unequivocally testified that she was conducting personal errands on the morning of the accident, none of which benefitted Appalred in any regard. Kentucky law is clear that to hold Appalred vicariously liable under the doctrine of respondeat superior, Neumann must have been engaged in activity that furthered Appalred's business or interests, without deviation by Neumann to pursue her own personal benefit. *Wood*, 194 S.W.2d at 81. Under the applicable legal framework and the facts herein, the doctrine of respondeat superior simply has no application herein. We agree with the trial court that it would have been impossible for Collins to offer evidence at trial in support of his claim regarding the vicarious liability of Appalred. As such summary judgment was proper.

The order of the Adair Circuit Court granting summary judgment in favor of the Appalachian Research & Defense Fund is affirmed.

ALL CONCUR.