VENTERS, J., DISSENTING:
Whether he knew it or not, and whether we like it or not, Richard Storm, as the County Engineer for Louisville/Jefferson County Metro, had a statutory duty pursuant to KRS 179.070(1)(j) to exercise ordinary care for the removal of trees and other hazardous debris from the streets in Jefferson County and he did absolutely nothing to comply with that duty. Of course, his duty does not require that he personally wield the chainsaws after each storm. He could perform his statutory duty by managing and overseeing the work of other employees or contractors undertaking the task. But he did not do that either.
Even if he had knowingly acquiesced in an arrangement for surrogates to do the job, he would still be liable for negligent performance of the duty. "[O]ne charged with a statutory duty 'cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to the contractor, and cannot relieve himself from liability to any person injured by a failure to perform it." ' Saint Joseph Healthcare, Inc. v. Thomas , 487 S.W.3d 864, 876 (Ky. 2016) (quoting Brown Hotel Co. v. Sizemore , 303 Ky. 431, 197 S.W.2d 911, 913 (1946) ).
Here, the trial court knew with mathematical certainty that Storm failed to comply with his statutory duty because he admitted that he had done nothing to ameliorate the hazard of fallen trees and he was completely unaware of the law requiring him to do so. There is a complete absence of any proof to the contrary. Storm's breach of duty is established as Aristotelian truth; it cannot be rationally denied. Storm manifestly failed to perform his duty and so, a directed verdict on that factual issue was absolutely compelled by the evidence.
We have said on countless occasions that a directed verdict is required when there has been a complete absence of proof on a material issue; when there is no disputed fact upon which reasonable minds could differ. See e.g. Fleming v. EQT Gathering, LLC , 509 S.W.3d 18, 21 (Ky. 2017). A directed verdict on the undisputed issue, or subsequently a judgment n.o.v., must be granted "when (1) there is a complete absence of pleading or proof on an issue or issues material to the cause of action or defense, or (2) there are no controverted issues of fact upon which reasonable men could differ." Sutton v. Combs , 419 S.W.2d 775, 777 (Ky. 1967). The failure of the trial court to direct a verdict on the factual issue of breach, or subsequently to grant j.n.o.v., was clear error. Correspondingly, the jury's verdict on that issue was utterly without evidentiary support and, since it was left uncorrected by the trial court, must be corrected on appeal.
Just as the Court of Appeals did here, this Court and our predecessor court have steadfastly held that a jury verdict which is "palpably or flagrantly against the evidence so as to indicate that it was reached as a result of passion or prejudice" cannot stand. Indiana Insurance Company v. Demetre , 527 S.W.3d 12 (Ky. 2017) (quoting Lewis v. Bledsoe Surface Mining Co., 798 S.W.2d 459, 461-62 (Ky. 1990) and *803 NCAA v. Hornung , 754 S.W.2d 855, 860 (Ky. 1988) ); see Nissan Motor Company, Ltd. v. Maddox, 486 S.W.3d 838, 840 (Ky. 2016) ("[T]he jury verdict awarding punitive damages was palpable and flagrantly against the evidence" and was, therefore, reversed.).
Storm failed to comply with his statutory duty. Fidelity to the foregoing principles compels us to set aside the jury verdict as flagrantly against the evidence. That does not mean that Storm is liable for Martin's injury. The breach of the duty is merely the first stage of tort analysis as clearly laid out by the trial court's jury instructions. Liability arises only if Storm's breach of duty proximately caused Martin's injury. It is entirely possible and perhaps even likely, that Storm's duty did not go unattended because someone else, another department of Metro government, competently performed it. In that case, Storm's failure to comply with his duty did not cause Martin's injury. It is also possible that Martin caused his own injury. But regardless of these possibilities, the trial court was obligated to direct the jury past the interrogatory instruction regarding the breach of duty, and require instead that it address the truly disputed factual issue: whether Storm's undeniable failure to exercise ordinary care caused any injury. We should be remanding for a resolution of that factual issue instead of sustaining the fiction that Storm performed his duty despite absolute proof to the contrary.
The real mischief lurking within our tolerance of this false verdict is that, in future situations in which the clearing of dangerous storm, debris has been performed negligently or neglected altogether, no one can be held to account. For example, if crews sent to clear dangerous debris sat in their trucks and did nothing, they avoid liability by correctly pointing to the statute and reminding us that the legislature put that duty on the county engineer, not on them. And despite the statute, the county engineer, as did Storm in this case, avoids liability by saying, "It's not my job to do that; we don't go by the statute here, we do things our own way." The Court of Appeals correctly remanded this case for a new trial. I therefore dissent.
Cunningham and Keller, JJ., join.