RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0274-MR

RADCLIFF AUTOMOTIVE, LLC
D/B/A BUDGET CAR SALES &
RENTALS; AND TONY MALITO                              APPELLANTS


                    APPEAL FROM HARDIN CIRCUIT COURT
v.                  HONORABLE KEN M. HOWARD, JUDGE
                    ACTION NO. 16-CI-01947


LARRY JOE MORGAN                                          APPELLEE

AND


NO. 2020-CA-0333-MR

LARRY JOE MORGAN                              CROSS-APPELLANT


                 CROSS-APPEAL FROM HARDIN CIRCUIT COURT
v.               HONORABLE KEN M. HOWARD, JUDGE
                 ACTION NO. 16-CI-01947


RADCLIFF AUTOMOTIVE, LLC
D/B/A BUDGET CAR SALES &
RENTALS; AND TONY MALITO                          CROSS-APPELLEES

\*\* \*\* \*\* \*\* \*\*

BEFORE:  COMBS, LAMBERT, AND MᴄNEILL, JUDGES.

LAMBERT, JUDGE:  This appeal and cross-appeal stem from a judgment entered after a jury trial and verdict in Hardin Circuit Court.  Radcliff Automotive, LLC, d/b/a Budget Car Sales and Rentals (Budget), and Tony Malito (collectively, the appellants) were awarded $90,000.00 each in compensatory damages and $1,001,000.00 in punitive damages (for Malito) against Larry Joe Morgan[1] in the appellants' claims against Morgan for libel, civil harassment, and tortious intereference with business relations.  The jury also awarded Morgan, on his counterclaim for civil harassment, $180,000.00 in compensatory damages and $1,000,000.00 in punitive damages.

In their appeal, the appellants argue that the circuit court erred in not dismissing Morgan's counterclaim for civil harassment, that the court's instructions on the counterclaim and on punitive damages were erroneous, and that the punitive damages award was excessive.  In his cross-appeal, Morgan claims that the circuit court erred in failing to dismiss the appellants' claim for loss of business reputation, for failing to submit to the jury Morgan's claim for slander per

---

[1] The notice of cross-appeal identifies the cross-appellant as "Larry Jo Morgan."  We utilize the spelling that appears in the record on appeal.

se, for the excessive punitive damages awarded to Malito, for allowing Malito to recover double damages, and for failure to impute Budget's employee's actions to the company. After careful review of the record and applicable law, we affirm.

The facts leading to this litigation began in 2010, when Budget's employee sold a used car to Morgan's wife, Mary K. Morgan.[2] Larry Joe Morgan attempted to negate the sale, and various acts of retaliatory behavior took place on both sides for the next several years, culminating in the within actions for libel, slander, harassment, and tortious intereference, filed in late 2016 (by the appellants) and early 2017 (by Morgan). These facts are well-known to the parties and will only be repeated here as is necessary for the understanding of this Opinion.

In October 2018, the Hardin Circuit Court notified the parties that it intended to dismiss the claims and counterclaims for lack of prosecution. The parties then moved to set the matter for jury trial, and further discovery took place. The four-day trial commenced on September 30, 2019. Twenty-two witnesses were called. The jury returned nearly identical awards of damages, with Malito

---

[2] Although the employee worked for Budget, the sale was a private one between him and Mary Morgan. She paid $2,000.00 for the used Honda Accord. In separate litigation regarding the vehicle and its sale to her, the action was dismissed as settled between the parties. Neither Mary Morgan nor the salesman involved in the 2010 transaction is a party to this appeal or cross-appeal.

receiving $1,000 more than Morgan. After post-trial rulings, this appeal and cross-appeal followed.

The appellants first argue that the circuit court erred by not dismissing Morgan's counterclaim for civil harassment, alleging that there was no evidence presented by Morgan that Malito's and his employee's actions in following Morgan in Budget's company car served no legitimate purpose. Morgan responds that there was sufficient evidence of harassment to submit the matter to the jury for its consideration. We agree with Morgan.

Kentucky Revised Statute (KRS) 525.070 (Harassment) provides, in pertinent part, that:

> (1) A person is guilty of harassment when, with intent to intimidate, harass, annoy, or alarm another person, he or she:
>
> . . .
>
> (c) In a public place, makes an offensively coarse utterance, gesture, or display, or addresses abusive language to any person present;
>
> (d) Follows a person in or about a public place or places; [or]
>
> (e) Engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose[.]

While KRS 525.070 speaks of criminal harassment, a corresponding tort for harassment was specifically adopted in Kentucky in *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984).

The testimony at trial sufficiently supported Morgan's allegations that Budget and Malito committed acts constituting harassment. Even though Budget's employee (Mildred Lindsey) insisted in her testimony that she had legitimate purposes for the times she had followed Morgan in the company car and that it was merely a coincidence that she was in the same area as he, Morgan's evidence concerning the same and numerous other incidents sufficed to place the matter of harassment before the jury. Morgan testified about a phone call from Malito, in which Malito alleged that Morgan was a homosexual, invited Morgan to his house, and stated that his back door was open anytime Morgan wanted to come in; this phone call was made from Malito's cell phone while Malito was blocking Morgan's vehicle, and the conversation was overheard by a third party. Other instances included Malito's following Morgan around town and phone calls made to Morgan by one of Malito's employees as well as by Malito's brother.

> On appellate review, questions of law are reviewed *de novo*. *Kentucky Farm Bureau Mut. Ins. Co. v. Blevins*, 268 S.W.3d 368, 372 (Ky. App. 2008). When reviewing a denial of a directed verdict, "[a]ll evidence which favors the prevailing party must be taken as true and the reviewing court is not at liberty to determine credibility or the weight which should be given to the evidence, these being functions reserved to the trier of

-5-

fact." *Lewis v. Bledsoe Surface Mining Co.*, 798 S.W.2d
459, 461 (Ky. 1990). We "must determine whether the
verdict rendered is 'palpably or flagrantly' against the
evidence so as 'to indicate that it was reached as a result
of passion or prejudice.'" *Id.* at 461-62 (internal citation
omitted).

*Palmer v. Alvarado*, 561 S.W.3d 367, 370 (Ky. App. 2018). "If the reviewing

court concludes that such is the case, it is at liberty to reverse the judgment on the

grounds that the trial court erred in failing to sustain the motion for directed

verdict. Otherwise, the judgment must be affirmed." *Lewis*, 798 S.W.2d at 462.

*See also Getty v. Getty*, 581 S.W.3d 548, 553-54 (Ky. 2019). Because the verdict

rendered here was not "palpably or flagrantly" against the evidence, indicating its

result was reached by passion or prejudice, we must affirm on this issue. *Lewis*,

798 S.W.2d at 462.

We next address the appellants' arguments that two of the circuit

court's instructions were erroneous. We begin by stating our standard of review:

On appeal, we consider allegations of erroneous
jury instructions as questions of law to be reviewed under
a *de novo* standard. Instructions must, of course, "be
based upon the evidence[,] and they must properly and
intelligibly state the law." Generally, the rule is "an
erroneous instruction is presumed to be prejudicial to
appellant, and the burden is on appellee to show
affirmatively from the record that no prejudice
resulted[.]" We only reverse if we "cannot determine
from the record that the verdict was not influenced by the
erroneous instruction." That said, "[i]f the statements of
law contained in the instructions are substantially correct,
they will not be condemned as prejudicial unless they are

calculated to mislead the jury."

*Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 288 (Ky. 2014), *as corrected* (Apr. 7, 2015) (footnotes omitted). The appellants first contend that the instruction on civil harassment was clearly erroneous because the accompanying interrogatory allowed the jury to find in Morgan's favor if they only answered "yes" to one of two questions concerning the appellants' behavior. Morgan responds to this argument by pointing out that the civil harassment instruction where the jury found in favor of the appellants in their claim for the same was worded identically to the one against Morgan. Morgan further reminds the appellants that the circuit court's instructions were closely akin to those tendered by the appellants prior to trial. Therefore, Morgan continues, both harassment verdicts (*i.e.*, the finding against him as well as the appellants) would have to be reversed under the appellants' logic. Again, we agree with Morgan, and "are unable to find this instruction qualifies as a substantial misstatement of the applicable law." *Toler*, 458 S.W.3d at 289.

We likewise find no error in the circuit court's instruction on punitive damages. The instruction followed the law and the evidence, and, without further discussion, we decline to set it aside. *Id.*

The appellants next argue that the awards to Morgan of $180,000.00 (compensatory) and $1,000,000.00 (punitive) were excessive and should be set

aside.  The appellants contend that these awards were the result of passion and

prejudice and not related to the conduct of which they were accused.

> Ordinarily "[t]he amount of damages is a dispute
> left to the sound discretion of the jury, and its
> determination should not be set aside merely because [the
> court] would have reached a different conclusion."
> *Childers Oil Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky.
> 2008) (quoting *Hazelwood v. Beauchamp*, 766 S.W.2d
> 439, 440 (Ky. App. 1989)).  "[The jury's] decision
> should be disturbed only in the most egregious
> circumstances."  *Id.*  If the issue of excessive damages
> has been squarely presented to the trial judge, who heard
> and considered the evidence, a reviewing court on appeal
> cannot "substitute [its] judgment on excessiveness for
> [the trial judge's] unless clearly erroneous."  *Asbury*
> *University v. Powell*, 486 S.W.3d 246, 264 (Ky. 2016)
> (quoting *Davis v. Graviss*, 672 S.W.2d 928, 933 (Ky.
> 1984)).

*Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d

323, 337 (Ky. 2018).  We have examined the record and case law, and have

considered the parties' arguments pertaining to the damages, and we cannot

conclude that the circuit court's judgment was clearly erroneous.  *Id.*

Turning now to the cross-appeal, we begin by stating that many of

Morgan's allegations of error mirror those of the appellants on direct appeal.  We

thus decline to belabor our discussion with repetitious recitations of standard of

review and analysis.

Morgan first argues that the circuit court erred in failing to dismiss the

appellants' claims for damages based on lost profits attributed to Morgan's

publications and signs.  We disagree.  Budget's co-owner testified at length about the company's reduction in earnings at the Radcliff location.  Budget submitted exhibits of its tax returns for the relevant earnings periods and demonstrated its claim for damages by means of lost profits.  This matter was properly submitted to the jury.  *Lewis*, 798 S.W.2d at 462.

Morgan's next issue is that the circuit court erred in refusing his request to instruct the jury on his claim of slander per se.  Here Morgan maintains that Malito's allegations that Morgan was a homosexual, taken in the context of Morgan's profession as an ordained minister, constituted defamation, and the jury should have been instructed accordingly.

We disagree.  Morgan failed to submit sufficient evidence on behalf of this claim, and the circuit court properly declined to instruct the jury on it.

> A prima facie case of slander, or oral defamation, requires proof of four elements:  (1) defamatory language, (2) about the plaintiff, (3) which is published, and (4) **which causes injury to reputation**.  The alleged defamatory words must be construed in their most natural meaning and "measured by the natural and probable effect on the mind of the average [listener]."

*Cromity v. Meiners*, 494 S.W.3d 499, 502 (Ky. App. 2015) (citations omitted) (emphasis ours).  Regardless of the truth or falsity of Malito's statement that Morgan was "gay," Morgan failed to submit evidence, other than his own

-9-

presumptions, that his reputation was injured. Thus, the circuit court properly removed this question from the jury's consideration.

Morgan next complains that the damages awarded to the appellants were excessive "based upon the economic standing of the two parties." For the reasons stated in the appellants' argument about excessive damages, we decline to disturb the jury's verdict and the circuit court's judgment in this regard. *Nami*, 554 S.W.3d at 337.

Morgan's next assertion of error is that Malito, as part owner of Budget and in his individual capacity, received a double recovery against Morgan. Morgan cites nothing other than his dissatisfaction with the outcome. The damages awarded in favor of the appellants do not constitute double recovery.

The final issue for our consideration concerns Budget employee Nick Bratcher, who, while "off the clock," confronted Morgan in a restaurant and accused him of being a pedophile. Bratcher made other unfortunate comments about Morgan's wife, and he advised Morgan to leave town. Morgan argues that Bratcher was acting in the course and scope of his employment; therefore, he claims, Bratcher's actions should have been imputed to Budget, and the jury should have been instructed accordingly. The circuit court heard arguments on this issue and ruled that Bratcher's actions were not made in the course and scope of

his employment but rather as an individual. Bratcher was not named as a party to the action.

> Kentucky law is clear that to hold an employer responsible to a third party for the tortious act of its employee, "such act must have been committed while the employee was engaged in furthering his employer's business or interests, without any deviation by the employee to a pursuit of his own business or interest . . . ." *Wood v. Southeastern Greyhound Lines*, 302 Ky. 110, 194 S.W.2d 81, 83 (1946). If an employee deviates from the employer's business, for however short of a time period, to do acts which are not connected with the employer's business, the relationship is suspended and the employee is not acting within the scope of his employment. *Id.* at 83. (*Citing* 3 C.J.S. Agency, § 255 p. 187).

*Collins v. Appalachian Research and Defense Fund of Kentucky, Inc.*, 409 S.W.3d 365, 369 (Ky. App. 2012).

The evidence at trial supports the circuit court's holding in this regard. Hence, we find no error.

The judgment of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS/
CROSS-APPELLEES:

Douglas E. Miller
Radcliff, Kentucky

BRIEFS FOR APPELLEE/
CROSS-APPELLANT:

Dwight Preston
Elizabethtown, Kentucky