RENDERED: SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0241-MR

GRACE PRATER                                                  APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 14-CI-04757

NDT CARE SERVICES, LLC D/B/A
HOMEPLACE SUPPORT SERVICES                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2014, Appellant, Grace Prater (Prater), was employed by

Appellee, NDT Care Services LLC d/b/a Homeplace Support Services

(Homeplace), as a direct services professional. Her duties included managing adult

individuals with mental and intellectual disabilities. She was hired on an "as

needed" basis to care exclusively for one terminally ill patient, David Witt (Mr.

Witt), at a Homeplace residential home. While attending to Mr. Witt on March 28,

2014, Prater could not locate his narcotic pain medication. Having mistakenly concluded that the medication was either missing or stolen, Prater notified her Homeplace residential manager, Tricia Caldwell. However, Prater failed to timely report the incident to the relevant government authorities, which the parties agree is required under Homeplace's policies and Kentucky law. Prater and Caldwell received written reprimands as a result.[1]

Soon thereafter, Mr. Witt was transferred to a different facility due to his deteriorating condition and requests from his cousin/power of attorney. Mr. Witt was then transferred back to Homeplace for a brief period before he passed away. Prater was removed from the work schedule but remained on the Homeplace roster on an "as needed" basis. On October 31, 2014, Prater resigned from her position at Homeplace. She then filed suit in Fayette Circuit Court

---

[1] In its order, the circuit court cites to Kentucky Revised Statute (KRS) 216B.165(1), which requires employees to report certain deficiencies to the health care provider and permits reporting to state or federal agencies. *See also Hughes v. Norton Healthcare, Inc.*, No. 2019-CA-0222-MR, 2020 WL 7295190, at *7 (Ky. App. Dec. 11, 2020), *discretionary review denied* (Aug. 18, 2021) (citing authority and clarifying that there is a remedy available under KRS 216B.165(1) because of KRS 446.070).

The court's order further provides that "[r]eporting is required upon discovery of circumstances indicating possible abuse or neglect related to an individual receiving services under the Kentucky Medicaid Michelle P. Waiver program." It appears that Mr. Witt received benefits pursuant to that program. *See* 907 Kentucky Administrative Regulation (KAR) 1:835(11)(5)(b)2.

alleging, wrongful discharge – retaliation, slander, and outrage.[2]  The circuit court

granted summary judgment in favor of Homeplace.  Prater now appeals to this

court as a matter of right.  For the following reasons, we affirm.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings,

depositions, answers to interrogatories, stipulations, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of

law."  CR[3] 56.03. The Kentucky Supreme Court further explained this summary

judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is
> designed to expedite the disposition of cases and avoid
> unnecessary trials when no genuine issues of material fact are
> raised, . . . this Court has also repeatedly admonished that the
> rule is to be cautiously applied.  The record must be viewed in a
> light most favorable to the party opposing the motion for
> summary judgment and all doubts are to be resolved in his
> favor.  Even though a trial court may believe the party opposing
> the motion may not succeed at trial, it should not render a
> summary judgment if there is any issue of material fact.  The
> trial judge must examine the evidence, not to decide any issue
> of fact, but to discover if a real issue exists.  It clearly is not the
> purpose of the summary judgment rule, as we have often

---

[2]  We will refer to the tort of outrage as a claim for the intentional infliction of emotional distress (IIED).  *See Craft v. Rice*, 671 S.W.2d 248 (Ky. 1984); *Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky. 1996).

[3]  Kentucky Rules of Civil Procedure.

declared, to cut litigants off from their right of trial if
they have issues to try.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues

are involved and only a legal issue is before the court on the motion for summary

judgment, we do not defer to the trial court and our review is *de novo*." *Univ. of*

*Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With

these standards in mind, we turn to the applicable law and the facts of the present

case.

## ANALYSIS

Prater argues that the circuit court erred in holding no genuine issues

of material fact existed as to her various claims. For the following reasons, we

disagree. The proper analysis in retaliation cases was aptly summarized in

*Kentucky Department of Corrections v. McCullough*:

> A claim for unlawful retaliation requires the
> plaintiff to first establish a *prima facie* case of retaliation,
> which consists of showing that "(1) she engaged in a
> protected activity, (2) she was disadvantaged by an act of
> her employer, and (3) there was a causal connection
> between the activity engaged in and the [defendant]
> employer's act." *Kentucky Center for the Arts v.
> Handley*, Ky. App., 827 S.W.2d 697, 701 (1991), *citing
> De Anda v. St. Joseph Hospital*, 671 F.2d 850, 856 ([5th
> Cir.] 1982). In a case where there is no direct evidence
> of retaliation, as is the case here, the burden of
> production and persuasion follows the familiar
> *McDonnell Douglas*[4] framework. Under this

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

-4-

framework, after the plaintiff establishes a *prima facie* case of retaliation, the burden of production shifts to the defendant to show a non-retaliatory reason for the adverse employment decision that disadvantaged the plaintiff. *Id.* After the defendant has met this burden, "the *McDonnell Douglas* framework is no longer relevant." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510, 113 S. Ct. 2742, 2748, 125 L. Ed. 2d 407, 418 (1993). This is because "the *McDonnell Douglas* presumption is a *procedural* device, designed only to establish an order of proof and production." *Id.* at 521, 113 S. Ct. at 2755, 125 L. Ed. 2d. at 425 (emphasis in original). At this point, the case then proceeds with the plaintiff having to meet her initial burden of persuading the trier of fact by a preponderance of the evidence that the defendant unlawfully retaliated against her. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105, 117 (2000).

123 S.W.3d 130, 133-34 (Ky. 2003), *as modified on denial of reh'g* (Jan. 22, 2004).[5] It is undisputed by the parties that in reporting the allegedly missing medication, Prater engaged in protected activity and that Homeplace was aware that she had done so. However, her claim fails to satisfy the remaining elements necessary to maintain a retaliation claim beyond summary judgment.

First, Prater alleges that the adverse employment action she suffered was that her work hours were reduced after Mr. Witt's death. She does not dispute that she remained on the employment roster on an "as needed" basis. Notably, she

---

[5] *See also, e.g.*, *Colorama, Inc. v. Johnson*, 295 S.W.3d 148, 152 (Ky. App. 2009); *Brooks v. Lexington-Fayette Urb. County Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004), *as modified on denial of reh'g* (May 20, 2004).

has not countered Homeplace's argument that she was hired exclusively to care for Mr. Witt, which clearly would have resulted in a change in her scheduling after his death. Furthermore, Prater does not dispute that she resigned from her position thereafter. Therefore, it is difficult to conclude that any "real issue exists" that would necessitate a trial here. *Steelvest*, 807 S.W.2d at 480.

As to causation, Prater's argument also lacks any *genuine* issue of material fact that would negate a judgment as a matter of law in this instance. It was Homeplace that originally reprimanded Prater and her supervisor for failing to timely file the necessary documentation resulting from the medication incident. Therefore, it does not logically follow that Homeplace would have punished Prater for reporting the incident for which she was initially reprimanded for *not* reporting.

In support of her arguments, Prater cites to the affidavit of Bobby King, who is identified in that document as having "previously worked for Homeplace." The affidavit includes a very sparse factual basis and summarily concludes that "Homeplace took away Grace Prater's hours and terminated her employment because of her report." Prater also claims that the "temporal proximity between Ms. Prater engaging in the protected activity and the adverse employment action is enough to give rise to a genuine issue of fact on the causal connection." In support of her temporal argument, Prater cites to a responsive email from a Homeplace official dated April 21, 2014, indicating that Prater was

no longer employed by Homeplace. The circuit court was apparently unconvinced and concluded that "[a]*ll evidence in the record*, including Prater's resignation letter months after the relevant time-period, is contrary to proof of a wrongful discharge by Homeplace." (Emphasis added.) We find Prater's resignation letter dated October 31, 2014, to be particularly instructive here. Therein, Prater explained that she was resigning because she would not be able to attend "trainings necessary for [her] continued employment. It has been a pleasure working for you all." That same day, Homeplace executed an employee action form noting that Prater remained eligible for rehire.[6]

Even when viewing the evidence in the light most favorable to Prater, we are inclined to conclude that neither the King affidavit nor Prater's appeal to temporal proximity create a genuine issue of material fact that would be appropriate to submit to a jury. *See Steelvest*, 807 S.W.2d at 480 ("summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials . . . ."). Nevertheless, even if we were to strain the limits of *Steelvest* in favor of Prater's *prima facie* case, the burden would then shift to Homeplace to present a lawful alternative reason for the alleged "adverse employment" decision. Then, Prater would have to counter with evidence that the stated lawful reason was

---

[6] We note that this form indicated, without further explanation, that Prater was terminated.

"merely a pretext to cover the actual discrimination." *Handley*, 827 S.W.2d at 699.

This, Prater cannot achieve under the evidence presented.[7]  Our analysis in

*McCullough* again proves instructive:

> To meet her burden of persuasion, the plaintiff "must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for [retaliation]." *Reeves* [*v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105, 117 (2000)].  Proof that the defendant's non-retaliatory reasons are "unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Id.* at 147, 120 S. Ct. at 2108, 147 L. Ed. 2d at 119-20.  Consequently, "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the defendant's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully [retaliated against the plaintiff]." *Id.* at 148, 120 S. Ct. at 2109, 147 L. Ed. 2d at 120. In other words, a plaintiff's *prima facie* case plus proof of a pretext may constitute sufficient evidence to survive a motion for a directed verdict.

---

[7]  We are aware that the circuit court did not proceed to this burden shifting analysis because it determined Prater did not satisfy her *prima facie* case.  However, out of an abundance of caution, we will proceed with the burden shifting analysis. *See Goetz v. Asset Acceptance, LLC*:

> "[T]he rule in this jurisdiction that the judgment of a lower court can be affirmed for any reason in the record." *Fischer v. Fischer*, 348 S.W.3d 582, 591 (Ky. 2011).  And, "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (citing *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006) ("If the summary judgment is sustainable on any basis, it must be affirmed.")).

513 S.W.3d 342, 345 (Ky. App. 2016).

On appellate review, when determining whether the trial court erred in denying a motion for directed verdict, the non-moving party's evidence is taken as true and the non-moving party is entitled to all reasonable inferences that may be made from the evidence. *Lewis v. Bledsoe Surface Mining*, Ky., 798 S.W.2d 459, 461 (1990). When viewed in this light, McCullough's *prima facie* case of retaliation plus her proof of pretext were sufficient to survive Appellants' motion for a directed verdict.

*McCullough*, 123 S.W.3d at 134. Although the issue before the Court in *McCullough* concerned an appeal from a denial of a directed verdict, we believe that summary judgment is proper here for the following specific reasons: 1) Prater was hired on a limited basis; 2) her working hours were reduced after her sole patient was transferred and then died; and 3) she resigned citing reasons completely unrelated to her present complaint and was still considered by Homeplace to be eligible for rehire. Therefore, unlike *McCullough*, Prater's *prima facie* case of retaliation plus any proof of pretext gleaned from this record would be insufficient to meet her burden at trial. Lastly, we need not belabor Prater's remaining claims of IIED and slander because she has failed to provide essential evidential support for those claims that would negate a judgment as a matter of law in this instance. Therefore, we affirm the circuit court's summary judgment in favor of Homeplace.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laraclay Parker
Lexington, Kentucky

BRIEF FOR APPELLEE:

Scott Crosbie
Lexington, Kentucky